## DANIEL H. GEER *vs.* JOHN FLEMING.

The owner of land who has let it with his cattle on shares cannot maintain an action of tort against one who has obstructed a town way leading thereto, on the ground that the tenant is put to inconvenience in driving the cattle, unless he shows that he has suffered some injury to his reversionary interest.

The records of a town in 1800 showed that the warrant for a town meeting contained an article, "to see if they will accept any roads or discontinue any roads;" that the meeting met and adjourned; that afterwards the selectmen surveyed and laid out a road; and that at the adjourned meeting the town accepted the road "according to the survey." *Held*, that the record proved a legal establishment of the road as a town way.

TORT for disturbing the plaintiff's right of way from his land in Peru to the highway over the defendant's land. At the trial in the Superior Court, before *Brigham*, C. J., the defendant contended that he had a right of way by prescription, and also that the alleged way was laid out in 1800 as a town way by the town of Peru, then Partridgefield.

To show that the way was laid out as a town way, the plaintiff introduced in evidence the records of the town, from which it appeared that the selectmen issued a warrant on February 4, 1800, for a town meeting, to be held March 10, containing this article, "To see if they will accept any roads or discontinue any roads;" that the meeting was adjourned from time to time till May 5; that on May 3 the selectmen surveyed and laid out a road; and that at the meeting on May 5 the town accepted the road, "according to the survey." The judge ruled, against the defendant's objection, that the records showed a legal establishment of the road. There was conflicting evidence whether the location of this road was the same as that of the way in question.

It appeared that the plaintiff had let his land for several years to one Sargent, as tenant at will, on shares, Sargent giving him one half of all he produced, including the increase of the sheep and other stock, and the plaintiff owning the sheep and other stock, and having exclusive control of the timber, and that the defendant had interrupted the way by fencing and planting it. There was no evidence that the plaintiff was actually disturbed by the defendant in carrying wood over the way, although his

**right** to pass over the way was denied by the defendant; and it appeared that the disturbance of the easement complained of consisted in the defendant's stopping Sargent on one occasion, while driving said sheep and cattle over the way, and in driving them back.

The defendant requested the judge to instruct the jury " that if the plaintiff's farm and stock were in possession of Sargent as his tenant at will, and on shares, then the plaintiff could not maintain this action unless he showed some injury to the stock or farm which should become or work an injury to his reversionary interest or property therein." But the judge declined so to instruct the jury, and instructed them " that for these acts, if proven, this action could be maintained by the plaintiff, if they should find the right of way established according to the instructions given them on that subject."

The jury returned a verdict for the plaintiff for $30 damages, and the defendant alleged exceptions.

*H. L. Dawes,* (*W. T. Filley* with him,) for the defendant.

*T. P. Pingree & J. M. Barker,* for the plaintiff, offered to remit all but nominal damages.

WELLS, J.   If the plaintiff's easement was a private right of way, his interest in the land to which it was appurtenant was sufficient to entitle him to maintain an action for its obstruction, without showing any special damage.   As applied to such a way, the instructions were correct.

But if his easement consisted in a right of way, in common with the public, over a town road, he could not recover for the obstruction of such a way without proof of special damage thereby to himself.   Inconvenience to his tenant in driving the sheep and cattle, which belonged to the plaintiff and were leased with the farm, would not constitute such damage to the plaintiff personally, unless it was shown that he suffered some injury to his reversionary interest.

It does not appear from the exceptions that the plaintiff was actually prevented from using this road for his wood and timber, and thereby put to inconvenience or loss.   And even if the evidence upon that point would warrant the jury in finding special

damage, *non constat* that the verdict was rendered upon that ground, inasmuch as the instructions permitted it to be returned upon the other.

The unqualified instruction that this action could be maintained if the jury "should find the right of way established according to the instructions given them on that subject," was therefore erroneous.

The judge had ruled that the record produced by the plaintiff was sufficient to prove a town way legally established. We infer, therefore, that the instruction above referred to was applied to such a way.

We are of opinion that the ruling upon the sufficiency of the record to prove a town way was correct. All reasonable presumptions are to be taken in favor of the validity of such ancient records. The law at that time (A. D. 1800) did not require a formal report of the selectmen to be placed on file before the meeting of the town; nor did it require that any of the previous proceedings should be extended upon the records of the town. The absence of these from the record does not therefore aid the defendant in impeaching the validity of the final vote of the town. On the contrary it will be presumed that such proper proceedings were had as will sustain that vote, unless the defendant shows some defect which renders it invalid.

The defendant relies upon the insufficiency of the notice or article in the warrant, which was, "To see if they will accept any roads or discontinue any roads." This was sufficient, according to the decision in *Avery* v. *Stewart*, 1 Cush. 496.

The road appears to have been laid out by the selectmen on the third day of May 1800, and accepted by the town at an adjourned meeting on the fifth day of the same month. The original meeting was called in the previous February.

The defendant contends that this road could not have been one of the roads covered by the article in the warrant. But there is nothing to show that the petition for this road was not pending before the selectmen when the warrant was issued. And if it were not, the decision already cited does not restrict the action of the town to roads in contemplation of the selectmen when draw-

ing the warrant. It is there held to be sufficient that the inhabitants of the town are notified "that they would be called upon to act on the subject" of laying out roads.

In *Harrington* v. *Harrington*, 1 Met. 404, it was held that a road, laid out by the selectmen after the issuing of the warrant for a town meeting, might legally be accepted by the town at such meeting. We do not see that the fact of a special reference to that proposed road in the warrant, makes any difference, if a general article is sufficient for action upon any particular road.

Nor is the fact that the vote in this case was at an adjourned meeting, and the location by the selectmen was made in the interval, of any essential importance to the validity of the proceedings.

No question is before us as to the sufficiency of the report or "survey" of the selectmen, for the purpose of defining and identifying the way intended to be laid out.

The offer of the plaintiff to remit all but nominal damages does not relieve the difficulty of the case. There is no right of recovery for the obstruction of a town or public way, without proof of actual damage to the individual claiming a right to use it. The instructions permitted recovery without such proof. Upon that point alone, therefore, the

*Exceptions are sustained.*