EDWIN S. THAYER & others *vs.* NEW BEDFORD RAILROAD COMPANY.

Bristol. Jan. 28. — Aug. 31, 1878. ENDICOTT & SOULE, JJ., absent.

A person cannot, by any use of a navigable dock, gain such a right of way therein as will enable him to maintain a claim for damages for its obstruction by a railroad built across it on piles without a draw, whereby vessels are prevented from coming up to his own private dock and wharf.

PETITION to the county commissioners for a jury to assess damages occasioned to "certain real estate, easements and privileges" in New Bedford, by the location and construction of its railroad by the respondent.

At the trial before a sheriff's jury, it appeared that the petitioners' property was included between the letters A, B, C and

D on the plan, a copy of which is printed in the margin,* and was between Clark's Point and the head of navigation on the Acushnet River, in New Bedford, and west of the channel. The petitioners' dock is the space included between the letters C, D, E, F. The dotted line represents the centre of the dock, which extends to the open water of the river, and the dotted line through the centre of the dock east of D represents the boundary line between the property of Rotch's Wharf Company and that of one Hazzard.

On June 8, 1873, the railroad, as shown on the plan, was built by the respondent, by authority of law, on piles, and in such a manner as to cut off all access by water to the petitioners' wharf and dock, which was navigable water, and had been used for more than forty years, before such obstruction, for vessels to come and go there and land and take merchandise upon and from the petitioners' wharf, south of the west part of the dock.

The petitioners contended that by long, adverse, continuous and public use, and under claim of right, exceeding twenty years, they had acquired a right of way and passage through the easterly docks to their dock and wharf, and that they had a right in law to recover damages for the obstruction by the respondent. They offered evidence tending to show such use of the docks by them, and the evidence was admitted against the respondent's objection.

The petitioners also put in evidence the Sts. of 1806, *c*. 18,* and 1831, *c*. 88 ; † and a deed of William Rotch, Jr., and others to the Rotch's Wharf Company.‡

The respondent asked the sheriff to rule that the claim of the petitioners that the dock in question, and the docks between it and the open river, were private property, under the provisions of the statutes and deed above referred to, and were not, by force of the statutes, public navigable waters, was not jus-

---

* This act, which is printed in full in 108 Mass. 209, authorizes, in the first section, the owners and proprietors of lots of land adjoining Acushnet River, in New Bedford, between Clark's Point and the head of navigation in that river, and their heirs and assigns, to erect, continue and maintain wharves parallel with the lines of their several lots, as they abut upon said river; and to extend the wharves to the channel of the river, if the owners of such lots think proper; and to provide docks, or erect wharves, on the extended portion of the lots, in such way and manner as the owner of each lot may think proper, not exceeding the limits of the channel of said river. The second section reserves the right to the Legislature to make such provisions respecting the navigation of the river, and the right of taking fish, as it may think the public interest requires, if it appears to the satisfaction of the Legislature that the erection or continuance of the wharves or docks operates any obstruc tion to the right of navigation of the river or the right of taking fish therein.

† This act, approved March 15, 1831, incorporated the Rotch's Wharf Company. Section 2 provides, "That said corporation be, and hereby is, declared and made capable to have, hold and possess the following described real estate." [Then follows a description of the property by metes and bounds, which included the land east of the petitioners' land, and also the dock south of the dotted line and east of the petitioners' dock.] "And the said corporation shall have power to sell, grant and convey, in fee simple or otherwise, their corporate property, or any part thereof, and lease, manage and improve the same, according to the will and pleasure of said corporation, expressed at any legal meeting."

‡ This was a deed of quitclaim, dated August 20, 1831, of the premises described in the above statute.

tified in law ; and that the petitioners could not recover dam-
ages.

The sheriff refused to give this instruction; and the jury re-
turned a verdict for the petitioners in the sum of $3245. The
Superior Court accepted the verdict; and the respondent ap-
pealed to this court.

*G. Marston & C. W. Clifford,* for the respondent.

*T. M. Stetson,* for the petitioners. The evidence in this case
showed that, from the petitioners' dock to the channel of the
river, there was a dock, the title to which, as well as the title to
the wharves themselves, was, by virtue of the Sts. of 1806, *c.* 18,
and 1831, *c.* 88, and by grant, in private persons and a corpora-
tion; that, as against such owners, the petitioner had acquired a
right of way, by adverse use for over twenty years, to their
dock; and that this right was interfered with by the respondent
by the right of eminent domain.

It is well settled that a title to flats below high-water mark
may be acquired by grant or by adverse possession. *Nichols* v.
*Boston,* 98 Mass. 39. *Haskell* v. *New Bedford,* 108 Mass. 208.
*Tufts* v. *Charlestown,* 117 Mass. 401. The evidence objected to
tended to show such adverse possession in the petitioners; and
nothing appears to render it incompetent. That it was inadmis-
sible cannot therefore be asserted as a matter of law. *Putnam*
v. *Bowker,* 11 Cush. 542. The certificate of the sheriff does not
undertake to set out all the evidence of the private nature of the
dock; it does not state the details of the evidence, such as the
forcible removal of spars, jib-booms and of vessels loading in
this private dock. Upon all questions of fact, the finding of the
jury is conclusive. The fact that the dock was navigable is im-
material. Every dock, whether public or private, is navigable;
but this fact does not make it the less private property, if it is
otherwise so.

LORD, J. When the facts upon which the petitioners rely are
understood, we do not apprehend that there is any difficulty in
arriving at a correct result. No land of the petitioners was
taken by the respondent. The petitioners own a dock, and, as
we assume, the land described in the petition; and the railroad
is constructed at a distance from the petitioners' property, not
stated; the plan accompanying the papers having no scale upon

it, that distance is not made known. The land between the petitioners' dock and the railroad is covered by navigable water. In that land the petitioners have and claim no interest or estate. Access to the petitioners' dock from any point beyond the railroad, which is built upon piles, without a draw, is prevented by the railroad.

The claim of the petitioners is that they have a private right of way, for boats and vessels, over and through such navigable water, from some place beyond the railroad to their dock. We are not aware that there is any such estate known to the law of Massachusetts. Each individual, as one of the general public, has a right to use navigable waters with his boats and vessels at pleasure, but it is in the exercise of a public, and not of a private right. He cannot thereby acquire a private right; for his use cannot, in law, be adverse. Navigable waters are great highways, and no individual, by use, can acquire a private right therein, any more than a continuous use of a street by a man, from his home to his place of business, for any term of years, gives him a private right of way over the soil of the street. In *Davidson* v. *Boston & Maine Railroad,* 3 Cush. 91, 106, Chief Justice Shaw uses this language : " The public have a right to regulate the use of public navigable waters for purposes of passage ; and the erection of a bridge, with or without a draw, by the authority of the Legislature, is the regulation of a public right, and not the deprivation of any private right, which can be a ground for damages. So far, therefore, as the railroad erected by authority of the Legislature affected the right of the petitioners to pass or repass to and from their lands and wharves with vessels, it was a mere regulation of a public right, and not a taking of private property for a public use, and gave the petitioners no claim for damages."        *Verdict set aside.*