ABBY G. SULLIVAN *vs.* CITY OF BOSTON.

Suffolk.　April 1. — May 28, 1879.　AMES & LORD, JJ., absent.

Evidence that a city leaves a part of a school-house lot, belonging to the city, and adjoining a highway, open and graded uniformly with the sidewalk for convenience of access to the school-house, is not sufficient to show that such part of the lot is within a footpath dedicated to the public; such open space is not "a way entering on and uniting with" the public highway, within the Gen. Sts c. 43, § 83; and the city is not liable to a scholar injured by a defect therein.

TORT for personal injuries occasioned to the plaintiff, on February 14, 1878, by a defect in a highway. Answer, a general denial. At the trial in the Superior Court, before *Allen,* J., the following facts appeared in evidence:

Prior to 1875, the defendant purchased a parcel of land on the corner of Prospect Street and Edgeworth Street in Boston, and, during the years 1874 and 1875, built a school-house thereon. Those streets were, at the time of such purchase, and have ever since been, public streets of said city. Between the school-house and the line of the sidewalks on those streets was a portion of the school-house lot, not enclosed by a fence, but laid out, graded and paved uniformly with said sidewalks, in accordance with plans of the architect of the school-house and grounds, and with the contract under which the school-house was built. In 1875, the school-house and grounds, so laid out and completed, were accepted and paid for by the city, and since then there has been nothing to separate, or to indicate the line between, the unenclosed portion of the school-house lot and the streets, but such

space has been open to public use and used by scholars and others going to and from the school-house, and by all persons having occasion to pass over such space. None of the requirements of the Gen. Sts. *c.* 43, § 83, have been complied with, nor has any action under the St. of 1867, *c.* 241, been taken in relation to the unenclosed portion of the land. A janitor, employed by the school committee of, and paid by, the city, has been in charge of the school-house and grounds since 1875, and it was part of his duty to keep said space and the sidewalks clear of ice and other obstructions, and he has usually cleared the snow from the same. The alleged defect consisted of lumps of ice, between which the plaintiff testified that her foot was caught, and she received the injuries complained of.

There was evidence tending to show that the plaintiff was a scholar in the public school, passing from the school-house door over the unenclosed space to the sidewalk, and was in the exercise of due care; that the defect had existed more than twenty-four hours; and that the defendant was duly notified of the time, place and cause of the injury.

Upon these facts, the judge ruled that the plaintiff could not recover; directed a verdict for the defendant; and by consent of parties reported the case for the determination of this court.

*H. W. Bragg,* for the plaintiff.

*E. P. Nettleton,* for the defendant.

MORTON, J. The place where the plaintiff was injured was not within the limits of a highway located and laid out by the city of Boston. There is no evidence which would justify the jury in finding that it was within a footpath dedicated to public use and travel by the city. It was within the school-house lot or yard, left open and graded for convenience of access to the school-house. The fact that this open yard or space was not separated from the sidewalk by a fence is not sufficient to show that it was dedicated to general public use as a part of the system of the highways of the city. *Stockwell* v. *Fitchburg,* 110 Mass. 305.

The provisions of the Gen. Sts. *c.* 43, §§ 82, 83, do not apply to the case. As stated in *Oliver* v. *Worcester,* 102 Mass. 489, the reason of these provisions "obviously was, that, while no new highways or town ways were to be made chargeable upon

cities and towns, unless regularly laid out in the manner pre-scribed by law, there might be ways opened and laid out, con-nected with the public ways, and apparently themselves public ways, which travellers would have no means of knowing were not legally laid out and kept in repair as such;" and therefore cities and towns were required to close up such ways, or cau-tion the public against entering on them, under the penalty of being liable for defects therein if they failed to do so. The open space in front of the school-house cannot in any just sense be called "a way entering on and uniting with" the public highway. The case is not within the letter or the spirit of the statute.

It follows that the defendant is not responsible, because the injury to the plaintiff was not caused by a defect in a highway, or in a way connected with a highway, for which it is liable. As we have before said, the place where the injury happened was in the school-house yard or lot, and, even if the city allowed this to be defective and dangerous, it is not liable therefor. *Hill* v. *Boston*, 122 Mass. 344. *Bigelow* v. *Randolph*, 14 Gray, 541.                                    *Judgment on the verdict.*