JAMES MCKENNA *vs.* CITY OF BOSTON.

Suffolk. Nov. 11, 1880. — April 8, 1881. LORD, SOULE & FIELD, JJ., absent.

On the issue whether a street in a city had, before the St. of 1846, c. 203, been dedicated to the public use as a highway and accepted by the city, evidence was offered showing that, in 1825, the city sold a large tract of land, taking back a mortgage to secure a portion of the purchase money; that the purchaser laid out the tract for building purposes, and recorded a plan in the registry of deeds, upon which appeared the street in question and other streets; that, in 1828, the city, under an order passed by the city council, appointing a committee with full powers, released its interest in certain lots covered by the mortgage, and its interest in the street in question and other streets, reserving to itself the right to use the land so released in the same manner as such streets might be used by the proprietors of estates bounding thereon, and providing that these streets should never be encroached upon without the consent of the city; that the committee made a report of their doings to the city council, which was accepted by both branches, in which they stated that they released the security upon the land covered by the streets only upon condition that the streets should forever be kept open as public highways; that, in 1831, the city released other land covered by the mortgage, describing it as bounding upon the street in question; and that the street had always been open and unobstructed and had been used by the public. *Held*, that the evidence was admissible, even if the city council had no authority to lay out a highway.

The provisions of the St. of 1846, c. 203, reënacted in the Gen. Sts. c. 43, § 82, concerning the dedication of ways, do not apply to ways established by prescription.

TORT for personal injuries occasioned to the plaintiff by a defect in Willard Street, formerly called Vernon Street, in Boston, alleged to be a public highway.

Writ dated August 28, 1879. Answer, a general denial. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*T. M. Babson*, for the defendant.

*B. Wadleigh & T. J. Morrison*, for the plaintiff.

ENDICOTT. J. The plaintiff contended at the trial that the street where the alleged injury occurred was a public highway. To establish that fact, evidence was introduced for the purpose of showing that, prior to the St. of 1846, c. 203, the street was dedicated to public use as a highway by the owners of the land, and the same was accepted by the public authorities of Boston. He also introduced evidence tending to show that the street had become a highway by prescription. The questions to be passed upon relate to the admission of evidence offered by the plaintiff in proving his case ; and to the instructions of the presiding judge, in regard to ways by dedication and to ways by prescription, as applied to the facts presented.

1. It is unnecessary to cite many authorities to establish that, before the St. of 1846, a highway by dedication could be created by the owner of the land dedicating it to the use of the public, and by the acceptance of the gift by the city or town bound to keep it in repair. In *Hayden* v. *Stone*, 112 Mass. 346, and in the recent case of *Commonwealth* v. *Coupe*, 128 Mass. 63, the question is fully considered and the authorities cited. The plaintiff, for the purpose of showing such dedication and acceptance, was allowed to prove the deeds, releases, and records of the city, which are annexed to the bill of exceptions.

The city of Boston in 1825 conveyed to the Barton Point Association a large tract of land, known as the almshouse estate, situated near Leverett Street ; the city taking back a mortgage to secure a portion of the purchase money. The association laid out this tract for building purposes, and a plan of their improvements was recorded in the registry of deeds, upon which it appears that several ways were laid out, and among them Vernon Street. The city of Boston in 1828 released to the association its interest in certain lots covered by its mortgage, and also all its interest in the land covered by Vernon Street and other streets ; reserving however to itself and its assigns the right to use the land so released in the same manner as such streets may be used by the proprietors of estates bounding thereon, and providing that these streets should never be encroached upon without the consent of the city or its assigns.

This release was given under an order passed by the city council appointing a committee with full power to confer with

the association and make such releases. This committee after
wards made a report to the city council, in which they say that
they " have released the security upon the land thrown into the
streets only upon the condition that they shall forever be kept
open as public highways." This report was read and accepted
by both branches of the city council. The city in 1831 released
other land covered by its mortgage, and described as bounding
on Vernon Street or Court. There was also evidence in the
case that Vernon Street had always been open, unobstructed
and used by the public.

We are of opinion that the plan recorded by the association
was competent to show the location of Vernon Street. It was
also, taken in connection with the subsequent use of the street,
some evidence of the dedication of the same to the public, but this
evidence could be rebutted by proof that the street was opened
and used only for the accommodation of the abutters ; although
at that time it was closed at one end, and was what is generally
known as a court; for a court may be dedicated to the public
as well as a street. It was also competent, in connection with
the subsequent proceedings of the city, in which Vernon Street
as laid out on the plan is referred to. Nor can we have any
question that the releases and records of the city were compe-
tent as showing the relations of the city to the association, and
what took place between the parties in regard to the dedication
of the streets and the action of the city council thereon. They
bear directly on the question of the intent of the association to
dedicate, the knowledge of the city of such dedication, and the
acquiescence in or acceptance of such dedication by the city.
Indeed, the clause in the report read and accepted by the city
council, by which it appears that the city had released its inter-
est in the lands covered by Vernon Street and other streets,
only on the condition that they should forever remain high-
ways, would seem to be conclusive evidence that the city had
accepted the dedication. It is immaterial that the city council
had no authority to lay out a highway, that power being vested
elsewhere; for it is plain that it could, before the St. of 1846,
accept for and in behalf of the city a dedication of a street laid
out and opened to the public. And it was for the jury to say
upon this evidence whether the way had been dedicated, and

whether the city had done any act from which its acceptance could be implied.

2. It is contended that the court should have ruled that, to become a highway by dedication or prescription, Vernon Street must have had the character of a thoroughfare, and have been adopted by the public as such, prior to the St. of 1846. The court did rule in terms that, to become a highway by dedication, Vernon Street must have been dedicated and accepted prior to the St. of 1846; and was not required to rule that Vernon Street must have become a highway by prescription prior to the passage of that statute. For reasons stated in *Commonwealth* v. *Coupe*, the statute has no application to ways by prescription.

Nor did the court err in ruling that if "there had been an actual public use of the street, general, uninterrupted and continued for twenty years before the accident, that makes it a public highway." It is evident from the instructions that follow, that the use thus pointed out was a use under a claim of right by any and all persons who desired to use it, as distinguished from a use simply by those living on the street. *Richards* v. *County Commissioners*, 120 Mass. 401. *Commonwealth* v. *Matthews*, 122 Mass. 60. There was evidence from which the jury could have found that Vernon Street had been always used by the public, and that for more than twenty years the public had passed from it through a passageway to Lowell Street.

These were the only objections taken in the defendant's argument to the instructions of the presiding judge.

*Exceptions overruled.*