DAVIS GUILD vs. NORMAN E. SHEDD & others.

Worcester.    October 3, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Way — Dedication — Acceptance — Laying out.*

Since the St. of 1846, c. 203, § 1, (Pub. Sts. c. 49, § 94,) a public way cannot be created by dedication, unless there has been a formal laying out or establishment in the manner prescribed by statute.

BILL IN EQUITY, filed in the Superior Court, on April 11, 1889, to prevent the removal by the defendants of any fence built by the plaintiff across a way alleged by them to exist over his land in Worcester, and to recover damages for the removal by them of an existing fence.

At the hearing, before *Hammond*, J., the defendants offered evidence of a dedication of the way in question in 1855, by the then owner of the land, by throwing it open to the public, and of its subsequent use as such by persons on foot and with teams from that time until 1881, when the plaintiff erected a fence over it, as well as of various acts of recognition of it as a way by the city of Worcester during the same time; but admitted that the way had not been laid out and established by the city in the manner prescribed by the statutes of the Commonwealth.

The plaintiff contended that since the St. of 1846, c. 203, no act of acceptance by the public, or by a town or city, of a way dedicated to public use, could make it a public way, unless such way should be laid out and established by a town or city in the manner prescribed by statute.

The defendants contended that that statute only limited the class of public ways which should be chargeable upon a town or city; that the previous law as to dedication of a way was not otherwise changed; that the effect of that statute is limited to an exemption of the town or city from the charge of supporting the ways therein mentioned, and liability to damages to a person injured by reason of defects in such ways.

The judge ruled, as matter of law, that there was no evidence in the case to warrant the finding of a way by dedication over

the land, and ordered a decree for the plaintiff; and the defendants alleged exceptions.

*J. Mason*, for the defendants.

*C. A. Merrill*, for the plaintiff.

KNOWLTON, J.    Section 94 of the Pub. Sts. c. 49, which is a re-enactment of the St. of 1846, c. 203, § 1 (Gen. Sts. c. 43, § 82), is as follows: " No way opened and dedicated to the public use, which has not become a public way, shall be chargeable upon a city or town as a highway or town way, unless the same is laid out and established by such city or town in the manner prescribed by the statutes of the Commonwealth." Since the passage of this act, a public highway or town way cannot be created by dedication in this Commonwealth.    The statute says, in effect, that the acceptance by the public authorities, which has always been an element essential to the creation of a highway or town way by dedication in Massachusetts, can be shown only by a laying out or establishment of the way by the city or town in the manner prescribed by the statutes.

The defendants contend that the effect of this section is limited to an exemption of the town or city from the charge of supporting the ways therein mentioned, and from liability for damages to a person injured by reason of defects in such ways. But so to hold would be to disregard and nullify the provisions of the Pub. Sts. c. 52, which require highways and town ways to be kept in repair at the expense of the town, city, or place in which they are situated, and which create a liability in a city or town for damages caused by a want of repair in such ways. Such a construction of the law would permit the existence of public highways and town ways the entrances to which it would be the duty of the authorities of the city or town under the Pub. Sts. c. 49, § 95, to close up or designate as dangerous.

The ruling at the trial was in accordance with views repeatedly expressed by this court, and we are of opinion that it was correct.    *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332, 342.    *Jennings* v. *Tisbury*, 5 Gray, 73.    *Hayden* v. *Attleborough*, 7 Gray, 338, 343.    *Morse* v. *Stocker*, 1 Allen, 150.    *Hayden* v. *Stone*, 112 Mass. 346.    *Commonwealth* v. *Coupe*, 128 Mass. 63.    *Veale* v. *Boston*, 135 Mass. 187.

*Exceptions overruled.*