CHARLOTTE C. PEARSON *vs.* JOSEPH ALLEN.

Nantucket.    October 22, 1889. — February 26, 1890.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Land by Reference to Plan — Right of Way — Easement.*

The parties to a bill in equity owned house lots at a seaside resort, which were sold successively to the plaintiff and defendant with reference to the same plan, on which were marked the various lots by numbers and certain ways by name. The defendant's lot stretched across from Cliff Avenue, a way shown on the east side of the plan, to Centre Avenue, a way running westerly from it at right angles. A triangular piece of land lay between the defendant's lot and the corner of these ways, indicated on the plan by dotted lines. The plaintiff's lot was situated opposite the end of Centre Avenue, on Grant Avenue, a way shown on the plan as next west of, and parallel with, Cliff Avenue. The only public way near the lots was North Street, shown on the west side of the

plan, to which other ways led directly from the plaintiff's lot. Cliff Avenue was situated nearest the ocean, but furnished no access to it, and from such avenue and the triangular piece of land could be obtained an agreeable view of the sea. The defendant afterwards enclosed the triangle, and about one quarter in width of Centre Avenue throughout its entire length, with his lot, cutting off access to the one and obstructing the passage along the other. *Held*, that the plaintiff had no right of way over the last named avenue, or of access to the triangle, for purposes of prospect, and was not entitled to an injunction against such enclosures and obstructions.

BILL IN EQUITY, filed in the Superior Court on April 1, 1889, by the owner of lots marked 27, 28, and 44 on a plan, which lots are situated at Nantucket Bluff, so called, in Nantucket, between a public way, called North Street, on the west, and Cliff Avenue, a private way on the east, to restrain the defendant, who was the owner of the lots marked 4, 5, 9, and 10 on the same plan, situated to the east of the plaintiff's lots, from obstructing the plaintiff's use of certain ways. A sketch of the material portion of the plan is printed in the margin. North Street was shown on the plan as situated about two hundred feet to the west of the portion thereof included in the sketch, and as diagonally crossing from the northwest to the southeast Mooers Avenue and Nantucket Avenue, shown on the plan, which lead from Grant Avenue into North Street. The case was heard by

*Hammond,* J., who reported it for the determination of this court. The facts appear in the opinion.

J. *Brown,* for the plaintiff.

C. *Almy,* for the defendant.

HOLMES, J. The plaintiff and the defendant are both owners of building lots sold with reference to the same plan, which displays a large tract cut up into house lots and ways. The only public way near the tract is North Street, which is shown on the west side of the plan. The plan shows ways leading directly to this street from the plaintiff's lots. Her lots also are drawn as abutting upon a way called Grant Avenue, from which there is delineated, extending in an opposite direction from North Street, a way called Centre Avenue, which begins directly opposite two of the plaintiff's lots, at a distance of fifty-five feet, on the other side of Grant Avenue, and leads one hundred and eighty-one feet to another way laid down as Cliff Avenue. Neither Centre Avenue nor Cliff Avenue leads to any public street, but from Cliff Avenue there is an agreeable view of the sea, without, however, any access to it. The defendant owns all the land on the north of Centre Avenue, and has enclosed about one quarter of the avenue in width throughout its whole length. He also has enclosed a triangle at the corner of Centre and Cliff Avenues, which on the plan appears bounded by dotted lines. The two sides of the triangle on the streets continue the side lines of the streets in the same directions until they meet at the corner, but the rest of the street lines are unbroken. The plaintiff seeks an injunction against such enclosures or obstructions.

The only question worthy of discussion is whether the private rights of way, if any, to which the plaintiff is entitled by reason of the reference to the plan in her deeds, extend to Centre Avenue. We are of opinion on the whole that they do not. The cases here and elsewhere show that there are limits to the easements raised in this way by implication, even if there are not limits to the power of creating easements when it is attempted by express words. A reference to a plan like this, laying out a large tract, does not give every purchaser of a lot a right of way over every street laid down upon it. In *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, a case somewhat like the present, it was held that the defendant could close a whole series of streets shown on the

plan, leaving open the private ways adjoining the plaintiff's lots to the highway in one direction, and to the next side street in the other.   No doubt, a grantee sometimes may be entitled to have ways kept open which his land does not touch, if they are necessary or convenient in order to reach a highway, (*Fox* v. *Union Sugar Refinery*, 109 Mass. 292,) and he may have like rights in a way which his land does touch on the side not leading to the highway.   *Rodgers* v. *Parker*, 9 Gray, 445.   But Centre Avenue does not lead to a highway, and the plaintiff's land does not touch it.   We do not mean that these circumstances would be conclusive in all cases.   If Cliff Avenue were on the border of the ocean, there would be strong reason for saying, that, in a plan for a seaside resort, access to the ocean was very nearly as important as access to the public streets. See *Higginson* v. *Nahant*, 11 Allen, 530, 535.   But the plaintiff does not make out that case.   The most that she alleges is, "that the land on Cliff Avenue is nearest the water and in full view thereof," and that the right to use that avenue and the triangle in connection with her cottages is of substantial pecuniary value. With some hesitation, we feel bound to decide that the value of a right of access for purposes of prospect is not a sufficient reason to extend her right of way over Centre Avenue.

It follows, *a fortiori*, that the plaintiff has no easement to have the triangle kept open.   Moreover, the dotted lines on the plan are not a sufficient indication that it was to be kept open.   They divide it from the adjacent ways and the fact that they are not unbroken, as elsewhere on the plan, at most only raises a doubt as to the intentions of the owner.   See *Attorney General* v. *Whitney*, 137 Mass. 450.   Whether there are other objections still, we need not consider.

It was argued for the plaintiff, that the ways and the triangle were dedicated to the public by the making and recording of the plan, and the sale of lots with reference to it.   The suggestion is answered, so far as the triangle is concerned, by what we have said already; and as to the ways, at least, those acts were not sufficient to dedicate them in this Commonwealth. Pub. Sts. c. 49, § 94.   *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332.   *Morse* v. *Stocker*, 1 Allen, 150.   *Hayden* v. *Stone*, 112 Mass. 346.   *Abbott* v. *Cottage City*, 143 Mass. 521, 524.   Fur-

thermore, a dedication to the public alone would confer no private easement on the plaintiff. She would have no private right of action for the public nuisance, unless she suffered private damage, which it is at least doubtful whether the loss caused by these obstructions would be, under our decisions. *Hartshorn* v. *South Reading*, 3 Allen, 501. *Willard* v. *Cambridge*, 3 Allen, 574. *Smith* v. *Boston*, 7 Cush. 254, 255. *Brainard* v. *Connecticut River Railroad*, 7 Cush. 506, 510. *Geer* v. *Fleming*, 110 Mass. 39. *Brayton* v. *Fall River*, 113 Mass. 218. *Thayer* v. *New Bedford Railroad*, 125 Mass. 253, 257. *Breed* v. *Lynn*, 126 Mass. 367, 370.                    *Bill dismissed.*