BIAZZO NICODEMO *vs.* INHABITANTS OF SOUTHBOROUGH.

Middlesex.     November 7, 1898. — May 20, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Way — Report — Contract — Discontinuance — Statute — Evidence.*

In an action against a town for personal injuries caused by a defect in a way, which was included in a tract of land taken for a water basin by a city under a contract between it and the town which was confirmed by statute, the report stated that the city filed in the office of the county commissioners a plan, a copy of which was annexed to an exhibit which was a copy of the contract, " which plan and relocation and discontinuance of highways in the town . . . was duly approved by the county."   Following the exhibit in the printed papers was a paper entitled " description of ways " in the town changed, altered, or discontinued, presented to the county commissioners under the statute, and purporting to be signed by the city and approved by the mayor, and declared to be satisfactory by the county commissioners.   *Held*, that the report made the description a part of the report.

A contract, which was confirmed by statute, was entered into by a city and a town, by which the town consented to the discontinuance by the city of certain public ways in the town, and to the laying out, relocating, altering, reconstruction, and repair of certain other parts of such ways, and to the changing of grade of certain other parts, as shown on a plan, for the building by the city of a water basin in the town; and which provided that the city " shall secure to all persons desiring to use any of said parts shown " on the plan, " a safe and convenient way of travel over or around each part from the time said city shall construct or commence work on the same until the completion of the substitute therefor."   A person was injured, more than a year and a half after the statute took effect, by a defect in a way which was included in the tract taken; and the city for a long time before the accident had been at work on the tract constructing dams and building ways as relocated on the plan.   *Held*, in an action for the injury,

that the contract did not warrant the construction that there should be no discontinuance of the way until a substitute had been completed; and that the way had been discontinued before the accident.

The Pub. Sts. c. 49, §§ 94, 95, relating to ways dedicated to the public use, and providing for the closing by municipal officers of such ways, or cautioning the public against entering upon them, do not apply to a way which has become a public way.

In an action against a town for personal injuries caused by a defect in a way, which was included in a tract of land taken before the accident for a water basin by a city under a contract between it and the town, the fact that repairs have been made on the way within six years has no application to the case; and the further facts that there are no records in the town of any laying out of the way, and that it has been used as a highway for more than twenty years prior to and up to the date of the accident, are immaterial.

TORT, for personal injuries caused by an alleged defect in a highway in the defendant town. Trial in the Superior Court, before *Sherman,* J., who refused to rule, as requested by the defendant, that on all the evidence the plaintiff could not recover.

The jury returned a verdict for the plaintiff; and the judge reported the case for the determination of this court. If the ruling requested should have been given, judgment was to be entered for the defendant; otherwise, the verdict was to stand. The facts appear in the opinion.

The case was argued at the bar in November, 1898, and afterwards was submitted on briefs to all the justices except *Field,* C. J.

*S. M. Child,* for the defendant.

*P. H. Cooney,* (*J. J. Shaughnessy* with him,) for the plaintiff.

LATHROP, J. On February 14, 1894, a contract was entered into by the city of Boston, acting by its water board, and the town of Southborough, by the terms of which the town consented to the discontinuance by the city of certain town, county, and other public ways in the town, as shown in blue on a plan annexed, and to the laying out, relocating, altering, building, reconstruction, and repair of certain other parts of said ways, as shown in red on the plan, and to the changing of grade of certain other parts as shown in yellow on the plan, " all of which," it is stated, " said water board deems necessary for the proper building by said city of its new water basin in said town." There are other provisions in the contract, some of which will be referred to later.

This contract was ratified and confirmed by the St. of 1894,

c. 108, which took effect on March 14, 1894, and the act further provides, in § 2, that the city " may take in fee, by purchase or otherwise, any lands, rights in lands, waters or water rights, which it deems necessary in carrying out said agreement, including any lands used for any part of the town, county, or other public ways which it may discontinue, as specified in said agreement."

Section 3 of the act provides for the manner of taking, and the latter part of the section reads as follows: " and any part of a county, town, or other public way specified in said agreement shall, upon the filing of a description thereof in the office of the county commissioners of the county in which the same is situated, satisfactory to said commissioners, be changed in grade, altered, or discontinued, as stated in such description."

The city of Boston, on April 30, 1894, took, as the report states, by the right of eminent domain, under the St. of 1846, c. 167, and acts in amendment of and addition thereto, (which undoubtedly included the St.· of 1894, c. 108,) a tract of land containing twenty-four hundred acres. See *Burnett* v. *Boston, ante,* 173.

The plaintiff was injured on November 30, 1895, on a bridge, which was before the taking a part of a highway in Southborough, but which at the time of the accident was included in the tract taken.

The report states: "It further appeared that the city of Boston, on April 30, 1894, filed in the office of the county commissioners for the county of Worcester the plan, a copy of which is annexed to exhibit A, which plan and relocation and discontinuance of highways in the town of Southborough was duly approved by the county commissioners in and for the county of Worcester on the thirtieth day of April, 1894; that the city of Boston had for a long time before the alleged accident been at work on said tract, constructing the dams, removing loam and soil, and building other roads as relocated on said plan."

Exhibit A is the contract between the defendant and the city of Boston. Following it in the printed papers is a paper entitled, " Description of ways in Southborough changed in grade, altered, or discontinued, presented to county commissioners under chapter 108, Acts of 1894." This document pur-

ports to be signed by the city of Boston by its water board, and approved by the mayor. The description is declared to be satisfactory by the county commissioners of Worcester County by their signatures.

The plaintiff contends that this description forms no part of the report, and that there is nothing but the plan to show that the way where the accident occurred had been discontinued. But we are of opinion that the report, by the language used, makes the description a part of the report.

It is further contended that the way could not be discontinued until a substitute had been provided. But we find nothing in the contract which fairly warrants such a construction. It was no doubt expected when the contract was made that regard should be had to the accommodation of the public as far as possible, and the contract accordingly stipulates that the city " shall secure to all persons ,desiring to use any of said parts shown in red, yellow, or blue, a safe and convenient way of travel over or around each part from the time said city shall construct or commence work on the same until the completion of the substitute therefor"; but it nowhere provides that there shall be no discontinuance until the substitute has been completed.

All the provisions in the statute have been complied with ; and there can be no doubt that the road where the accident happened had long before been taken by the right of eminent domain and had been discontinued.

It is obvious that a town is not liable for a defect in a road that has been discontinued. *Commonwealth* v. *Western*, 1 Pick. 136. *Tinker* v. *Russell*, 14 Pick. 279. It is contended, however, that the defendant is liable for not posting notices as required by the Pub. Sts. c. 49, §§ 94, 95. But we are of opinion that these sections have no application to the road in question. Section 94 is as follows : " No way opened and dedicated to the public use, which has not become a public way, shall be chargeable upon a city or town as a highway or town way, unless the same is laid out and established by such city or town in the manner . prescribed by the statutes of the Commonwealth."

Section 95 provides for the closing of " the entrances of such

ways entering on and uniting with an existing public highway," by municipal officers, or that they may "by other sufficient means caution the public against entering upon such ways." It further provides, "if such way is not closed, or if sufficient notice is not given that the same is dangerous, the city or town shall be liable for damages arising from defects therein in the same manner as if it had been duly laid out and established."

These sections were first enacted in 1846, and have since been in force. St. 1846, c. 203. Gen. Sts. c. 43, §§ 82, 83. They are intended to apply to ways opened and dedicated to the public use which have not become a public way. Prior to the St. of 1846, c. 203, a highway could be created by the owner of the land dedicating it to the use of the public for the purposes of a highway, and the acceptance of the gift or the acquiescing in such use by the municipal authorities. Since the statute this acceptance and acquiescence can be given only by laying out the street according to law. *Hayden* v. *Stone,* 112 Mass. 346, 349, 351. *Guild* v. *Shedd,* 150 Mass. 255. *Pearson* v. *Allen,* 151 Mass. 79.

Section 95 of the Pub. Sts. c. 49, has in numerous cases been held to be confined to the class of ways mentioned in § 94. *Oliver* v. *Worcester,* 102 Mass. 489. *Warner* v. *Holyoke,* 112 Mass. 362. *Sullivan* v. *Boston,* 126 Mass. 540. *Rouse* v. *Somerville,* 130 Mass. 361, 365. *Paine* v. *Brockton,* 138 Mass. 564, 567. *Stone* v. *Attleborough,* 140 Mass. 328.

If it be contended that the way in question was one by prescription, it is settled that the provisions of the Pub. Sts. c. 49, §§ 94, 95, do not apply to such a way. *Commonwealth* v. *Coupe,* 128 Mass. 63. *McKenna* v. *Boston,* 131 Mass. 143, 146.

The fact that repairs had been made on the bridge, or on the road crossing the bridge, within six years, has no application to the case. While it is provided by the Pub. Sts. c. 52, § 25, that where repairs are made within six years, the location shall not be denied, this does not prevent the denial of liability. *Rouse* v. *Somerville,* 130 Mass. 361, 364.

The further offer of proof that there were no records in the town of any laying out of the road, and that it had been used as a highway for more than twenty years prior to and up to the date of the accident, appear to us to be immaterial.

Whether the road in question had originally been dedicated by its owner, it had become a public way long before the accident; whether it was an old county road, as asserted by the plaintiff's counsel in his brief, or whether it was a town way, it had legally been discontinued, and the liability of the town to keep it in repair had ceased.

In accordance with the terms of the report, judgment must be entered for the defendant. *So ordered.*