GEORGE BOYCE *vs.* TOWN OF TEMPLETON
(and two companion cases[1]).

Worcester. September 24, 1956. — November 16, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Way*, Public: discontinuance, layout, alteration; Way joining public
way; Apparent public way. *Municipal Corporations*, Highways,
Liability for tort, Officers and agents. *Public Officer. Agency*, What
constitutes.

A way discontinued as a State highway by the department of public
works with the concurrence of the county commissioners became a
town way by operation of G. L. (Ter. Ed.) c. 81, § 12, and could be
discontinued by the town within two years after its so becoming a
town way; c. 82, § 30, was inapplicable. [3]
A vote of a town meeting to discontinue as a town way a certain section
of road which had become a town way under G. L. (Ter. Ed.) c. 81,
§ 12, upon an alteration of a State highway and discontinuance of
that section as a part of the State highway was not invalid on the
contended ground that it was an attempted alteration by the town
rather than a discontinuance. [3–4]

---

[1] The companion cases are by Everett W. Schwab and Hugh G. Shea
against the same defendant. Anne L. Shea, administratrix, following sugges-
tion of death of Hugh G. Shea has been substituted as plaintiff in the action
brought by him.

A town is not liable under G. L. (Ter. Ed.) c. 84, § 15, for defects in a way which has been discontinued as a public way. [4]

G. L. (Ter. Ed.) c. 84, §§ 23, 24, are not applicable to a way discontinued as a public way which joins an existing public way. [4-5]

A town is not liable apart from statute for failure of the public officers in charge of its highways to bar or post a way discontinued as a public way which joins an existing public way and appears itself to be a public way. [5-6]

A town was not liable for personal injuries sustained by occupants of an automobile when, at a time of poor visibility, it ran into a pile of black paving material standing in a former public way which had been discontinued and which led off an existing public way, appeared itself to be a public way, and was not barred or posted at its junction with the existing public way. [2, 6]

THREE ACTIONS OF TORT. Writs in the Superior Court dated May 27, 1950.

The actions were tried before *Paquet,* J.

*John J. Philbin,* for the plaintiffs.

*Paul L. Hinckley,* (*J. Philip Howard* with him,) for the defendant.

WHITTEMORE, J. The original plaintiffs in these three tort actions were, respectively, the driver of and two passengers in an automobile which at about 5 A.M. on April 24, 1949, when vision was obscured because of darkness or fog, ran into a pile of prepared paving material or macadam, black in color, on a part of Old Athol Road, so called, in Templeton which had been the subject of statutory actions for discontinuance as a public way by both the Commonwealth and the town. The plaintiffs excepted to the action of the trial judge in directing verdicts for the defendant. There was no error.

The facts were not in dispute.

The subject area was formerly a part of a town way laid out as such by the county in 1853. The way became a State highway in 1905, being more recently a part of the numbered Route 202. In 1947 the location of this State highway was altered and three disconnected parts of it, as formerly constituted, in Templeton, including the subject area, were excluded from the new layout. The excluded areas were discontinued as State highway in 1947

and each thereupon by express statutory provision became again a town way, the county commissioners having concurred in the discontinuance. G. L. (Ter. Ed.) c. 81, § 12. In 1948 the town voted to discontinue these three newly constituted town ways.

The pile of material had been placed by the department of public works some five months before the accident. At the time of the accident a sign reading "Road Closed Ahead" was in place on a pole on the discontinued way, at its intersection with Prospect Street, a public way. This sign had been placed by the department of public works when the way had been discontinued as a State highway. Beyond the pile of paving material at the point where the discontinued way intersected with the new Route 202 there was a barrier of posts across the way and a sign reading "Road Ends," also placed seasonably by the department of public works. The automobile had passed and its occupants had not seen the sign on the pole at Prospect Street.

The vote of the town in 1948 was valid and operated to discontinue the subject area as a public way. G. L. (Ter. Ed.) c. 82, § 21. *Mahan* v. *Rockport*, 287 Mass. 34, 37.

There is nothing in the contention of the plaintiffs that the 1947 discontinuance, concurred in by the county commissioners as the statute requires for valid action, constituted a layout of a town way by the county so that under G. L. (Ter. Ed.) c. 82, § 30, there could be no discontinuance of such way within two years thereafter. The subject area became a town way in 1947 by operation of law. The manifest purpose of § 30 is to protect for a two year period from discontinuance by the town, acting under the grant of power in § 21, town ways which have been laid out, relocated or altered by the county commissioners pursuant to their discretionary powers given in § 26.

Nor is there any basis for the contention that the town vote was in effect an attempted alteration of the way, invalid because not made by the selectmen under §§ 21 and 22 and accepted by the town under § 23. See *Lincoln* v. *Warren*, 150 Mass. 309, cited by the plaintiffs. Here

the alteration of the location of the way had already oc-
curred by the action of the department of public works.

The former public way having been discontinued, the
town was not liable under G. L. (Ter. Ed.) c. 84, § 15,
which imposes the statutory liability for defects in public
ways. *Nicodemo* v. *Southborough,* 173 Mass. 455, 458.
*Longley* v. *Worcester,* 304 Mass. 580, 584.

The declarations averred that the injury occurred "on
a public highway known as the Old Athol Road" and that
"it was the duty of the defendant to keep said road in a
good, safe and proper condition for those lawfully thereon."
These declarations were reasonably construable as declara-
tions only for the statutory liability in respect of public
ways. Even if we were to hold that the averment of a
public way could be disregarded and the declarations other-
wise construed as stating the violation of a duty of the
defendant to keep Old Athol Road reasonably safe because
it was an apparent public way leading from an existing
public way, our decisions, discussed below, make clear that
there is no such duty upon the town for which recovery can
be had.

General Laws (Ter. Ed.) c. 84, §§ 23 and 24,[1] to which
the plaintiffs refer, have no application here. It having
been held in *Hobbs* v. *Lowell,* 19 Pick. 405, that a public
way could be created by dedication of the owner and assent
of the public so that statutory liability for defects would
extend thereto, these sections, in earlier form, were passed
to limit the statutory liability as applied to such ways and
in no sense to extend or create liability not otherwise exist-
ing. *Jones* v. *Boston,* 201 Mass. 267. *Sullivan* v. *Boston,*
126 Mass. 540. *Paine* v. *Brockton,* 138 Mass. 564. In

[1] "Section 23. A way opened and dedicated to the public use, which has
not become a public way, shall not, except as provided in the two following
sections, be chargeable upon a town as a highway or town way unless laid out
and established in the manner prescribed by statute. Section 24. The board
or officer having authority over public ways in a town shall, if the public
safety so requires, cause such ways to be closed where they enter upon and
unite with an existing public way or may by other sufficient means caution
the public against entering thereon; otherwise the town shall be liable for
damages arising from defects therein as in the case of ways duly laid out and
established."

*Nicodemo* v. *Southborough*, 173 Mass. 455, 460, it was held that these sections had no application to a public way which had been discontinued regardless of whether originally dedicated or laid out.

There is no liability on the town apart from statute for failure to bar or post a discontinued way. The question was stated and left open in *Coakley* v. *Boston & Maine Railroad*, 159 Mass. 32, 35. In *L'Homme* v. *Winchendon*, 288 Mass. 291, 294, it was referred to but not discussed because not argued. It is firmly established in this Commonwealth that municipalities are not liable for acts or omissions of public officers in the performance of their duties except as and to the extent that liability is imposed by statute. *Molinari* v. *Boston*, 333 Mass. 394, 395–396. The principle that "where a municipal corporation holds or deals with property as its own, not for the direct and immediate use of the public, but for its own benefit, by receiving rents or otherwise, in the same way as a private owner might, it is liable to the same extent as he would be . . . ," *Oliver* v. *Worcester*, 102 Mass. 489, 500, *Galluzzi* v. *Beverly*, 309 Mass. 135, 138, *Cole Drug Co. of Massachusetts* v. *Boston*, 326 Mass. 199, 201, is without application here. The town of Templeton was making no use of this area for its own "private" purposes as was the case in *D'Amico* v. *Boston*, 176 Mass. 599, where the city of Boston had taken land in Southborough, including a discontinued way, for a water supply area. There is no basis in the evidence for concluding that the town was taking any action in respect of public ways within it other than to elect the officials, who by statute have duties, or appoint those who have duties, to repair and maintain ways, and to provide necessary funds. Such action does not constitute the town a principal acting through agents so that it becomes liable for their negligent acts. *Ryder* v. *Taunton*, 306 Mass. 154, 157. Compare *Butman* v. *Newton*, 179 Mass. 1, 6. In law no obligation fell upon the town from any implied invitation of the appearance of Old Athol Road to use it as a way, as the town in its corporate capacity

was not in law maintaining it. The fact that elected or appointed public officers did not close or post warnings on Old Athol Road, if it was a failure in due care, was not an omission for which the town is liable. Compare *Holmes* v. *Drew*, 151 Mass. 578, for liability of a private owner in such a case.

Manifestly the jury could have found as a matter of fact that the injured persons, in the exercise of due care, were led into a dangerous place by the absence of any bar or warning of the kind which common experience had led users of apparent public ways to anticipate. The sign "Road Closed Ahead" was not notice of discontinuance or notice of the particular danger. But in this Commonwealth where the powers and obligations of municipalities are fixed and limited by statute, the argument for a duty or obligation on the town in these circumstances and corresponding rights in those injured must of necessity be addressed to the Legislature.

*Exceptions overruled.*