HENRY B. JONES, administrator, *vs.* CITY OF BOSTON.

Suffolk.   January 11, 12, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Way,* Public.   *Parks and Parkways.*

A street which is laid out in a city by park commissioners as a part of a public park and connects such park with a highway, although it passes through private land with stone and brick buildings on both sides and has the appearance of a highway, is not a way "opened and dedicated to the public use" within the meaning of R. L. c. 48, §§ 98, 99, and the authorities of the city need not cause it to be closed or caution the public against entering therein in order to avoid liability for injuries sustained by reason of defects in its surface.

TORT by the administrator of the estate of Arabella C. Jones under R. L. c. 48, §§ 98, 99, for personal injuries received by the plaintiff's intestate by reason of a defect in the sidewalk of Audubon Road in Boston.   Writ dated May 19, 1905.

In the Superior Court the case was heard by *Raymond,* J., upon an agreed statement of facts, the substance of which is stated in the opinion.

At the close of the evidence, the judge ordered a verdict for the defendant, and by agreement of the parties submitted two questions to the jury.

These questions, with the answers of the jury, were as follows:

"1. Whether Audubon road was of such appearance as to lead an ordinarily observant traveller to suppose it was a public highway and not a parkway?"   The jury answered, "Yes."

"2. What damages did the plaintiff suffer?"   The jury answered, "$1,060."

The judge reported the case for determination by this court. If his ordering of the verdict for the defendant was correct, judgment was to be entered for the defendant; if the ruling was erroneous, judgment was to be ordered for the plaintiff in the sum of $1,060.

*R. W. Nason,* for the plaintiff.

*P. Nichols,* for the defendant, was not called upon.

HAMMOND, J.   This was an action of tort for injuries received by the plaintiff's intestate, Arabella C. Jones, upon a way

in the defendant city known as Audubon Road, under such circumstances as to have rendered the defendant liable if the place where the accident occurred had been a public highway.

At the trial it appeared that the plaintiff's intestate had been travelling upon Beacon Street, a public highway in the defendant city, and that she turned into Audubon Road, which led out from Beacon Street at right angles, and that after proceeding up the road a short distance she met with a defect in the road and was injured; that Audubon Road was not and never had been a public highway, but was part of the Back Bay Fens, and had been laid out by the park commissioners of the city of Boston as a public park; that for the four hundred feet nearest Beacon Street it ran through private land upon which brick and stone buildings had been built so that, as the jury specifically found, it was of such appearance as to lead an ordinarily observant traveller to suppose it was a public highway and not a parkway. There was no sign at the intersection of Beacon Street and Audubon Road indicating that Audubon Road was not a public highway.

The sole question is whether Audubon Road is a way " opened and dedicated to public use " within the meaning of that phrase as used in R. L. c. 48, §§ 98, 99. It becomes necessary to look into the state of the law upon the subject as it was at the time the statute was passed, and the reasons for its enactment. In England, at common law a public way might be created by dedication. *Lade* v. *Shepherd*, 2 Stra. 1004. *Rex* v. *Leake*, 5 B. & Ad. 469. Statutory methods of laying out public ways were early adopted in Massachusetts (Anc. Chart. 126, 127) and have since been in force here. It was intimated in *Hinckley* v. *Hastings*, 2 Pick. 162, that in this Commonwealth a highway could not be created by dedication, but in *Hobbs* v. *Lowell*, 19 Pick. 405, it was adjudged after great consideration that here a highway could be created by a dedication on the part of the owner and the assent of the public; and the liability of towns and cities for defects in ways was extended to cover such ways. But this was unsatisfactory, and in 1846 the statute was passed which has been kept in force ever since, and which appears substantially in R. L. c. 48, §§ 98, 99, as above quoted.

The purpose of the statute was not to enlarge the liability of

towns and cities, but to restrict it.   Audubon Road was laid out as a part of the public park, by the park commissioners, under the authority of law.   It is an integral part of the park.   We are of opinion that such a part of the park, although opened in the form of a way, is not a way opened and dedicated to the public use within the meaning of the statute.

*Judgment for the defendant.*