GLADYS DAKIN *vs.* CITY OF SOMERVILLE.

Middlesex.    January 13, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Parks and Parkways.    Way,* Public.

Powder House Boulevard, laid out and maintained by the city of Somerville under St. 1899, c. 195, for the purpose of a parkway or boulevard, is not a public street or way, and the city is not liable under G. L. c. 84, § 15, to travellers thereon for defects or want of repair.

The mere fact that such parkway or boulevard throughout its entire width is devoted to travel upon a roadway built for that purpose does not make G. L. c. 84, §§ 23, 24, applicable to it, and the city is not liable to travellers thereon under § 24 of the statute by reason of defects or want of repair.

TORT for personal injuries.    Writ dated August 16, 1923.

In the Superior Court, the action was tried before *Greenhalge,* J.    Material evidence and special findings by the jury are stated in the opinion.    The judge ordered a verdict for the defendant and reported the action to this court for determination.

*S. R. Cutler,* (*F. Wilson* with him,) for the plaintiff.

*R. M. Smith,* for the defendant.

CROSBY, J.    This is an action to recover for personal injuries received by the plaintiff while travelling upon a motorcycle on Powder House Boulevard, so called, in the city of Somerville.    The boulevard is eighty feet wide throughout its entire length; it "is constructed with a Macadam roadbed, surfaced with gravel, asphalt and tar, with concrete sidewalks on either side with edge stones, street lights and sewers."    There are twelve intersecting streets which cross the boulevard, and buildings are constructed along its entire length on the line of the sidewalks.

It was admitted at the trial that the boulevard was open to public travel, and that no signs or warnings were posted notifying the public that it was not intended for such travel. At the time the plaintiff was injured about one half mile of it

was being resurfaced by the defendant.   In answer to special questions submitted to the jury, it was found that at the time and place of the accident the boulevard was not reasonably safe and convenient for travel, and that that condition might have been remedied by reasonable care and diligence on the part of the defendant.   Its condition was such that the city might have been found liable if the place where the plaintiff was injured had been a public way.

The boulevard was laid out and has been maintained by the defendant under St. 1899, c. 195, which authorized the city to take the lands comprising it, and to maintain them for the purpose of a parkway or boulevard, with the power to lay out and improve it.   It is plain that this parkway or boulevard was not a public street or way and that the defendant is not liable to travellers thereon for defects or want of repair under G. L. c. 84, § 15.

The question remains whether this parkway or boulevard is "A way opened and dedicated to the public use" within the meaning of those words in G. L. c. 84, § 23.   A way by dedication is a way over land which the owner thereof has dedicated to the use of the public for a way.   *Hobbs* v. *Lowell,* 19 Pick. 405.   *Hayden* v. *Attleborough,* 7 Gray, 338. Previously to the year 1846, a highway could be created by dedication by the owner with the assent of a city or town, and the use thereof by the public was evidence of such assent; but by St. 1846, c. 203, the law was changed to provide that no way opened and dedicated to the public use should thereafter become a public charge by reason of such public use until the same should have been laid out and established under the statutes of the Commonwealth.   G. L. c. 84, § 23. *Rouse* v. *Somerville,* 130 Mass. 361, 365.   *McKenna* v. *Boston,* 131 Mass. 143.   *Nicodemo* v. *Southborough,* 173 Mass. 455. The statute under which this parkway or boulevard was established and is maintained created a public park; the circumstance that the entire park is devoted to travel upon a roadway built for that purpose does not make applicable the provisions of G. L. c. 84, §§ 23, 24.   The establishment of such a roadway did not deprive the park of its character as such.   Its entire use as a roadway open to public travel

could be permitted by the city, but such use does not constitute a way open and dedicated to the public use within the meaning of the statute. The ways referred to in § 23 mean ways which have been dedicated by the owner for public use with the assent of the municipality, and do not include ways within the limits of a parkway or boulevard. It would be contrary to the intention of the Legislature as expressed in St. 1899, c. 195, to hold that any part of the boulevard could be dedicated to "A way opened and dedicated to the public use" as those words are used in G. L. c. 84, § 23. Accordingly §§ 23, 24, are not applicable to the case at bar, which cannot be distinguished in principle from *Jones* v. *Boston*, 201 Mass. 267. In that case it was said by Hammond, J., at pages 268, 269: "The purpose of the statute was not to enlarge the liability of towns and cities, but to restrict it. Audubon Road was laid out as a part of the public park, by the park commissioners, under the authority of law. It is an integral part of the park. We are of opinion that such a part of the park, although opened in the form of a way, is not a way opened and dedicated to the public use within the meaning of the statute." See *Gero* v. *Metropolitan Park Commissioners*, 232 Mass. 389, 392. *Burke* v. *Metropolitan District Commission*, *ante*, 70.

In accordance with the terms of the report judgment is to be entered for the defendant on the verdict.

*So ordered.*