KERNAN, by Guardian *ad litem,* Respondent, vs. CITY OF EAU CLAIRE, Appellant.

*October 11—November 7, 1939.*

For the appellant there was a brief by *John B. Fleming,* attorney, and *Wilcox, Wilcox & Sullivan,* of counsel, all of Eau Claire, and oral argument by *Francis J. Wilcox.*

*Donald L. Farr* of Eau Claire, for the respondent.

FOWLER, J. As appears from the preceding statement, the action is brought under sec. 81.15, Stats., to recover damages for injuries to a boy riding a bicycle, who ran into a pile of black-top on the edge of a driveway in a public park maintained by the city, on the theory that the driveway is a public road within the statute cited, which imposes liability on a city for injuries to travelers on a public road therein caused by its insufficiency or want of repair.

It is conceded that in operating a public park the city is performing a governmental function, and that a city is not responsible for injuries caused by its employees while in the performance of such a function. *Cegelski v. Green Bay,* 231 Wis. 89, 285 N. W. 343; *Grinde v. Watertown, ante,* p. 551, 288 N. W. 196.

It is also conceded that under the rule above stated there is no liability on the part of the city for the injuries here involved unless the driveway whereon they were sustained is a public road within the statute above cited. The trial court held that the driveway was such a road and rendered judgment accordingly. With this ruling of the trial court we cannot agree.

To certain premises on which the conclusion of liability in part rests we accede. That the driveway is used to a considerable extent for the purpose and in the manner a public road is commonly used is plain. But it is just as plain that it is not subject to all uses to which a public road is subject. For example, a drover or a farmer may of right drive his stock along a public road. But it is plain that a driveway in a public park may not be so used as a matter of right. So a trucker may use a public road as matter of right, but he has no right to use a driveway in a park for through trucking. We do not mean to imply that those in charge of the public roads may not limit the use of certain sections thereof to certain kinds of traffic, but until the traffic thereon is restricted by action of the proper authorities, a public road is

open as matter of right to all kinds of traffic. Such is not the case, with parks. Park authorities are under no obligation to permit general traffic on the park driveways or to furnish driveways for general traffic. They may limit the use of park driveways to use by the public for pleasure or recreation, to which use parks are devoted and for which use they are maintained. So we hold upon reason that a driveway in a park is not a public road within the purview of sec. 81.15, Stats.

That the driveway involved is not a road within the meaning of sec. 81.15, Stats., is in our view supported by authority as well as reason. The statute, so far as we are here concerned with it, reads as follows:

"If any damages shall happen to any person, . . . by reason of the insufficiency or want of repairs of any . . . road in any town, city or village, the person sustaining such damage shall have a right to sue for and recover the same against any such town, city or village."

Although this statute has been in force since the statutes of 1849, no case has ever attempted to define the limits of its coverage. Several cases have declared that laying out by the public authorities is not essential, but that it is only necessary that the way involved has been used by the public and public funds have been expended in its upkeep, but the public authorities referred to in these cases were those charged with the laying out and care of roads within the municipality involved. *Codner v. Bradford,* 3 Pin. 259; *Houfe v. Fulton,* 34 Wis. 608. The instant driveway was not laid out, constructed, or opened by such authorities but by the park authorities, and its care devolves on the park authorities. Sec. 27.08 (2) (a), Stats. General statements in the cases above cited and others must be limited in their application to facts like those involved in the cases in which they were made and do not much help in deciding the status of the instant driveway. No case of this court has been cited to us, and we find

none, that involves facts at all similar to those here involved, and nothing said in any of the cases heretofore decided by this court declares or implies that walks or drives in public parks are roads within the purview of sec. 81.15, Stats.

The definition of a public road given in the case of *Weirich v. State,* 140 Wis. 98, 101, 121 N. W. 652, is cited to the point that the driveway involved is a road within the meaning of the statute. The instant statute was not involved in that case, but a statute imposing criminal liability for exceeding a designated speed limit on a public highway. The road on which the excessive speed was charged was a toll road. The opinion states:

"The term, 'public highway,' in its broad popular sense, includes toll roads—any road which the public has a right to use even conditionally, though in a strict legal sense it is restricted to roads which are wholly public."

The court construed the statute there involved as covering roads that were public in the broad, rather than the restricted, sense. But the whole point of the instant case is, as we have above pointed out, that a driveway in a park is not "wholly public"—is not one which the whole public has the right to use as a highway—and is not a road in a restricted legal sense. Sec. 81.15, Stats., covers only roads of which the municipal road authorities have charge and on which the whole public has unrestricted right of travel so long as such authorities impose no restrictions. It would not be contended that the municipality in which a privately owned toll road was located is liable for injuries to a traveler thereon caused by a defect therein, even though a toll road is within the broad letter of sec. 81.15, Stats. In such case, because the municipal road authorities had nothing to do with maintenance of the toll road, sec. 81.15, Stats., would impose no liability on the municipality. In the instant case sec. 81.15, Stats., imposes no liability, not perhaps merely because the authorities of the city charged with the duty of maintaining its streets in

a safe condition have nothing to do with maintenance of park driveways, but because those charged with the care of parks are performing a governmental function, and there is no statute imposing liability on the municipality for their negligence, and no liability exists in absence of such a statute under the rule of the common law or under the law of this state as declared by its courts.

The only decisions in other jurisdictions called to our attention that go to the precise point here involved hold that driveways in parks are not roads within the meaning of statutes imposing on municipalities liability for injuries to travelers caused by defects therein. *Jones v. Boston,* 201 Mass. 267, 87 N. E. 589; *Blair v. Granger,* 24 R. I. 17, 51 Atl. 1042; *Gero v. De Las Cases,* 232 Mass. 389, 122 N. E. 415. In the case last cited, a boulevard with sidewalks adjacent to the driveway was laid out, constructed, and maintained by park authorities, as distinguished from road authorities, and it was held that liability of the municipality for negligence in maintenance did not exist because no statute imposed such liability, although a statute did exist that imposed liability for injuries caused by defective roads and streets.

Several cases are cited by respondent wherein recovery was had for injuries sustained in parks through defective ways or structures therein, which go upon the point that statutes involved imposed liability for injuries so sustained in parks through negligence of the caretakers. *Woodward v. Des Moines,* 182 Iowa, 1102, 165 N. W. 313; *Cleveland v. Pine,* 123 Ohio St. 578, 176 N. E. 229; *Haithcock v. Columbia,* 115 S. C. 29, 104 S. E. 335, are such cases. Such cases have no bearing upon the instant case.

Three cases are particularly relied on by respondent which we will briefly state. In *Ackeret v. Minneapolis,* 129 Minn. 190, 151 N. W. 976, a boy fell into hot ashes left from burning leaves on a footway in a city park. No statute expressly imposed liability for dangerous conditions of either roads,

streets, or parks. The city was held liable, but for reasons not applicable under the law of this state. The opinion states the general rule, citing a multitude of supporting authorities, that in maintaining streets, parks, and roads a municipality acts in a governmental capacity. It next states, with equal show of supporting authority, that a municipality is not liable in damages for negligence in performing governmental functions, unless such liability is imposed by statute. It next goes on to say (p. 194) :

"But by what is termed in *Lane v. Minnesota State Agriculture Society,* 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708, an 'illogical exception to this rule,' it has become firmly established in this state [Minnesota], . . . that a city is liable for injuries resulting from defects or dangerous conditions in its streets."

The opinion gives the reason for the exception to the exempting rule as follows : As the municipality is given exclusive control over its streets and is charged with the duty of maintaining them safe for travel and has means to raise funds for their upkeep, it follows that it is liable for failure to perform the duty of maintenance. But no such exception is grafted on to the exempting rule by the law of Wisconsin. Confessedly, the exempting rule applies with full force in this state, as a multitude of our decisions attest. See *Cegelski v. Green Bay, supra.* The ground of liability in this state, when it exists, is the express declaration of liability by statute. The *Ackeret Case, supra,* goes on the proposition that as the same reason exists for declaring injuries in parks an exception to the exempting rule that applies to injuries on streets, parks should also be and were excepted from the rule. Manifestly, under the law of this state this case affords no support to respondent's position. And it removes from bearing on the question here involved the other Minnesota cases cited, *Kleopfert v. Minneapolis,* 90 Minn. 158, 95 N. W. 908, and *Nelson v. Duluth,* 172 Minn. 76, 214 N. W. 774,

one of which involved a boulevard through a park originally laid out as a highway and turned over to the park authorities for care, and the other a boulevard through a park used by the public in passing from one connecting street to another. The basis of all the Minnesota rulings is that although no statute imposes liability, and a city in maintaining streets and parks is performing a governmental function, maintenance of streets and parks is an exception to the rule exempting cities from liability for negligence in performance of governmental functions.

Another case relied on by respondent is *Burridge v. City of Detroit,* 117 Mich. 557, 76 N. W. 84, which involved a boulevard. Act No. 264, Pub. Acts of Michigan, 1887, imposed liability upon municipalities for injuries caused by neglect to keep "public highways or streets, and all bridges, sidewalks, crosswalks, and culverts on the same in reasonable repair." Theretofore there had been no such liability. The boulevard involved in the *Burridge Case* existed at the time this act was passed. Part of it had originally been a street in the city and part a road in the adjacent town, and the city limits had been extended to include all of it within the city. It was not through or within a public park. It was manifestly a "public highway or street" within the act, and the act manifestly imposed liability according to the terms of the act. The legislature of 1889 by Local Act 388 transferred the care of the boulevard to a park board instead of the street authorities. The point involved was whether this transfer of care and maintenance exempted the city from liability theretofore existing. Clearly it did not. The boulevard having been a public highway from its inception, continued to be one regardless of the transfer of its care from the street authorities.

Other cases in which recovery was allowed for injuries sustained in parks are cited by respondent as in support of his contention, all which we have examined. They involve

injuries variously caused; by the falling of a limb of a tree, *Baltimore v. Eagers,* 167 Md. 128, 173 Atl. 56; by drowning in a pool, *Barthold v. Philadelphia,* 154 Pa. 109, 26 Atl. 304; by the falling of a stand, *City of Denver v. Spencer,* 34 Colo. 270, 82 Pac. 590, 2 L. R. A. (N. S.) 147; by driving a wagon over the foot of an occupant of a seat in a park, *Silverman v. New York* (Sup. Ct.), 114 N. Y. Supp. 59. Obviously none of these are in point. *Weber v. Harrisburg,* 216 Pa. 117, 64 Atl. 905, is more nearly in point. It involved a rope stretched across a path by the riverside to which moored boats were tied. The basis of the recovery was the principles of common-law negligence. In none of these circumstances would liability lie in this state, at least on the grounds for recovery given in the decisions.

Upon the reasons above given, and the direct authority above cited, we hold that the defendant is not liable for the injuries of the plaintiff. There being no liability there is no need to consider the other matters discussed in the briefs.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment dismissing the complaint on the merits.