ROXANNE INTRILIGATOR *vs.* CITY OF BOSTON.

Suffolk.    June 14, 1984. — October 26, 1984.

Present: GREANEY, C.J., BROWN, & PERRETTA, JJ.

*Massachusetts Tort Claims Act. Parks and Parkways. Snow and Ice. Notice.*
*Municipal Corporations,* Liability for tort.

By virtue of G. L. c. 258, inserted by St. 1978, c. 512, § 15, a municipality
is liable for injuries caused by defects in ways laid out as part of a public
park. [704-705]

In an action against the city of Boston by a plaintiff who was injured when
she slipped on ice on a sidewalk laid out as part of a public park, there
was sufficient evidence to permit an inference that the city had had
sufficient time to become aware of the hazardous condition and to take
reasonable precautions for the safety of travellers on the sidewalk.
[705]

In an action against the city of Boston by a plaintiff who was injured when
she slipped on ice on a sidewalk and fell, the plaintiff's failure to give
notice within thirty days as required by G. L. c. 84, §§ 18 and 21, did
not bar recovery, inasmuch as the city did not offer any evidence that
it was prejudiced by the plaintiff's failure to give notice within the
specified time. [705-706]

CIVIL ACTION commenced in the Superior Court Department
on October 27, 1978.

The case was tried before *Ronan,* J.

*Howard P. Speicher,* Assistant Corporation Counsel, for the
defendant.

*Leonard M. Davidson* for the plaintiff.

BROWN, J. The defendant, city of Boston (city), appeals
from a judgment entered after a jury trial, awarding damages
against it for negligence. The plaintiff claimed that on March
9, 1978, while walking on the sidewalk of Commonwealth
Avenue in Boston, she slipped on ice and fell, injuring her
arm. The parties stipulated that the plaintiff fell and was injured

on a "park road."[1] They also stipulated that the plaintiff notified the city of her claim by a letter, dated September 17, 1979, and that the city did not respond within six months. We consider each assignment of error separately and affirm.

1. We find no merit in the city's contention that it may not be held liable for injuries on park roads caused by its negligence. In formulating the provisions of G. L. c. 258, as appearing in St. 1978, c. 512, § 15 (by § 16 applicable to causes of action arising on or after August 16, 1977), the Massachusetts Tort Claims Act (Act), the Legislature intended to abrogate the doctrine of governmental immunity in certain tort actions against the Commonwealth, municipalities, and other governmental subdivisions. See *Dinsky* v. *Framingham*, 386 Mass. 801, 804 (1982); *Rogers* v. *Metropolitan Dist. Commn.*, *ante* 337, 338-339 (1984). "The statutory scheme [of G. L. c. 258] purports to broaden the range of tort claims beyond the numerous judicial and statutory exceptions earlier created to pierce the armor of immunity." *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981).

With the abrogation of the doctrine of sovereign immunity, government entities are now liable "in the same manner and to the same extent as a private individual under like circumstances." G. L. c. 258, § 2. See *Dinsky* v. *Framingham*, *supra*. This language puts municipalities "on the same footing as private tort defendants." *Gallant* v. *Worcester*, 383 Mass. at 714. In view of the clause in St. 1978, c. 512, § 18, that the Act "be construed liberally for the accomplishment of the purposes thereof," we think that no statutory basis persists for protecting municipalities from liability for injuries occurring on park roads due to the negligence of the municipality. We hold that claims as to negligent maintenance of park roads are covered by the Act.

The defendant misses the point in arguing that, since G. L. c. 84 was not repealed by G. L. c. 258, such cases as *Dakin* v. *Somerville*, 262 Mass. 514 (1928), decided under c. 84, are

---

[1] A park road is not a public way covered by G. L. c. 84. See *Dakin* v. *Somerville*, 262 Mass. 514, 515-516 (1928).

still good law. *Dakin* merely recognized that park roads were not part of the exception to immunity covered by c. 84, § 15.[2]

2. The city's next claim is that it cannot be held liable for an alleged defect consisting solely of a natural accumulation of snow and ice. We disagree.

The liability of the city here is the same as that of a private person. See G. L. c. 258, § 2; *Dinsky* v. *Framingham,* 386 Mass. at 804. A landowner owes a duty of reasonable care to all lawful visitors. See *Mounsey* v. *Ellard,* 363 Mass. 693, 707 (1973). This duty includes the taking of reasonable precautions for the safety of visitors, including measures against the hazards caused by ice or snow conditions. See *Phipps* v. *Aptucxet Post #5988 V.F.W. Building Assn., Inc.,* 7 Mass. App. Ct. 928 (1979) (jury could infer that the rutted condition of icy parking lot where plaintiff fell was caused by the ingress and egress of cars and could conclude that the defendant knew or should have known of the hazardous condition and should have taken reasonable precautions).[3] In the present case, the plaintiff fell on ice located in a "usually crowded" commercial area. The fall occurred on March 9, 1978, six days after a snowfall of nine inches and a month after the blizzard of 1978. A jury properly could infer that the city had had sufficient time to become aware of the hazardous condition and to take reasonable precautions for the safety of travellers on the sidewalk.

3. The plaintiff complied with the presentment requirement of G. L. c. 258, § 4, that the claim be submitted to the city within two years of the injury. See *Weaver* v. *Commonwealth,*

---

[2] In *Dakin* the plaintiff was barred from recovering against a city because the injury occurred on a park boulevard (a roadway built for a public park), a place not included in the city's limited exception to immunity covered by G. L. c. 84, § 15.

If it was an oversight by the Legislature that park roads were not excluded from coverage by the Act, the Legislature is capable of amending the Act. See *Rogers* v. *Metropolitan Dist. Commn., ante* at 339-340.

[3] Cited in *Phipps* is the case of *Jakobsen* v. *Massachusetts Port Authy.,* 520 F.2d 810 (1st Cir. 1975), where the First Circuit, applying Massachusetts law, stated that the fact that snow and ice may have accumulated naturally would not preclude a finding of negligence because the jury could have inferred that the slippery conditions of the ice resulted "from the trodding by a constant stream of people." *Id.* at 817.

387 Mass. 43, 45, 49 (1982). See also *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. 51, 57 (1982) (presentment require-ment of § 4 also is intended to provide a mechanism which will result in payment of only those claims against governmen-tal entities which are valid, in amounts which are reasonable and not inflated). The city argues that the plaintiff failed to comply with the notice provisions of G. L. c. 84, §§ 18 (as appearing in St. 1973, c. 1085), and 21 (as appearing in St. 1965, c. 378, § 3), which require that notice be provided within thirty days to persons sought to be charged with claims based on alleged defects consisting of snow or ice on their premises or on "adjoining ways." The plaintiff did not give the city notice until September 17, 1979, over a year and a half after the injury. Section 18 of G. L. c. 84 provides, however, that "[f]ailure to give such notice of such injury or damage sustained by reason of snow or ice shall not be a defense under this section *unless the defendant proves that he was prejudiced thereby*" (emphasis supplied). As the city offered no evidence of prejudice, we reject this claim of error and leave for another day the question whether a plaintiff, proceeding pursuant to G. L. c. 258, must comply with the additional notice provi-sions of G. L. c. 84, §§ 18 and 21. Compare *Dinsky* v. *Framing-ham,* 386 Mass. at 804, interpreting G. L. c. 258, § 2 ("actions brought under the Act [G. L. c. 258] are governed by the same principles that apply to actions involving private parties"), with *Gallant* v. *Worcester,* 383 Mass. at 715 n.9 (recovery against a city, though substantively based on wrongful death statute applicable to private tort defendants, is limited to the terms of G. L. c. 258).

*Judgment affirmed.*