ROXANN E. INTRILIGATOR vs. CITY OF BOSTON.

Suffolk. May 6, 1985. — July 24, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Parks and Parkways. Snow and Ice. Municipal Corporations*, Liability for tort. *Massachusetts Tort Claims Act. Statute*, Construction.

This court, guided by the Legislature's expressed policy in G. L. c. 84, § 17, that no municipality shall be liable for injuries caused solely by snow and ice on a public way, and also guided by the general intent of G. L. c. 258, the Massachusetts Tort Claims Act, held, as matter of common law, that a municipality is not liable for the consequences of snow and ice which it negligently permits to accumulate on a "park road," even though the limitation of liability contained in § 17 is not applicable explicitly to injuries occurring on a "park road." [490-494]

CIVIL ACTION commenced in the Superior Court Department on October 27, 1978.

The case was tried before *John T. Ronan*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Howard P. Speicher*, Assistant Corporation Counsel, for the defendant.

*Leonard M. Davidson* for the plaintiff.

WILKINS, J. In March, 1978, the plaintiff slipped on ice on the sidewalk of Commonwealth Avenue near Kenmore Square in Boston and fell, injuring her arm. The place where she fell was not a public way in the traditional sense but was a so-called park road. If the injury had occurred solely as a result of ice on a public way, she could not have recovered against the city because of the limitations on municipal liability for injuries caused by snow and ice on public ways set forth in G. L. c. 84, § 17 (1984 ed.). Because the injury was sustained on a park road, however, the limitations of § 17 did not apply explicitly to the plaintiff's claim. The plaintiff thus argues that

the city is not entitled to municipal immunity in the circumstances. G. L. c. 258, § 2 (1984 ed.).

The case was tried to a jury, which returned a verdict for the plaintiff. After failing to obtain a directed verdict, the city unsuccessfully moved for judgment notwithstanding the verdict. The plaintiff does not contest the city's claim that its motions properly raised the question whether the city should be liable for a defect in a park road consisting, as the evidence in this case showed, solely of ice (and compacted snow) on a sidewalk. The Appeals Court rejected the city's claim that it was entitled to a directed verdict or judgment notwithstanding the verdict. *Intriligator* v. *Boston,* 18 Mass. App. Ct. 703 (1984).

We granted the city's application for further appellate review. We conclude that the city is not liable for negligently permitting an accumulation on a park road of snow or ice that is the sole cause of an injury to a traveler on that way.[1]

In concluding that the city could be liable for the consequences of a snow or ice defect on a park road, the Appeals Court followed a logical pattern of reasoning based on a literal reading of the relevant statutes. The Massachusetts Tort Claims Act (G. L. c. 258) has abolished governmental immunity with certain exceptions. *Intriligator* v. *Boston, supra* at 704. The statute generally places municipalities on the same footing as private tort defendants. *Id.* The Tort Claims Act preserves the restrictions and limitations on municipal liability for defects in public ways (see St. 1978, c. 512, § 18) but no statute regulates a city's liability for injuries sustained on park roads due to the city's negligence because a park road is not a public way covered by G. L. c. 84, §§ 15-25. *Id.* at 704 n.1. See *Dakin* v. *Somerville,* 262 Mass. 514, 515-516 (1928). The Legislature could prospectively correct any oversight in not

---

[1] We need not discuss other issues raised by the city. We, therefore, assume for the purposes of this case that all other issues would be decided in the plaintiff's favor.

treating park roads as it treated public ways under the Tort Claims Act. *Id.* at 705 n.2.[2]

We do not adopt the literal approach to the resolution of the municipal immunity issue because we believe that the result obtained by that approach is not faithful to the general intent of the Tort Claims Act. In dealing with aspects of the no-fault motor vehicle insurance law, another statute of broad scope, we rejected the concept that limiting statutory words, literally read, were fully expressive of the applicable law. See *Mailhot* v. *Travelers Ins. Co.,* 375 Mass. 342 (1978). The *Mailhot* case involved a claim for personal injury protection benefits (G. L. c. 90, § 34A) by a person whose injury by a Massachusetts registered motor vehicle was covered under the United States workers' compensation law. Personal injury protection benefits were not available for a person covered for the same injury under the Massachusetts workers' compensation act (G. L. c. 152). See c. 90, § 34A. The no-fault law said nothing about the rights of persons covered under other workers' compensation laws. Literal application of the workers' compensation exemption from coverage would have let the plaintiff recover personal injury protection benefits. This court denied coverage, not by an interpretation of the exception language as such but by fashioning "an adjunct to § 34A called for by the sense of that section in its relation to the legislation as a whole." *Mailhot* v. *Travelers Ins. Co. supra* at 348. The court noted other cases in which it had not applied

---

[2] The Appeals Court followed somewhat similar reasoning in *Rogers* v. *Metropolitan Dist. Comm'n,* 18 Mass. App. Ct. 337, 338-339 (1984), when it concluded that the defendant commission was liable for a defect in a sidewalk maintained by it because the Tort Claims Act expressly eliminated the commission's statutory exemption from liability for such defects.

By the time the case reached the Appeals Court, the Legislature had amended St. 1978, c. 512, § 18, to include a reference to the statutory provision exempting the commission from liability in such circumstances. St. 1983, c. 392. That change was effective only prospectively. *Rogers* v. *Metropolitan Dist. Comm'n, supra* at 340. In the case before us, unlike the *Rogers* case, we are not dealing with the express repeal of an exempting statute. The Legislature was silent in G. L. c. 258 on the question of the liability of a municipality for the consequences of a defect on a sidewalk in a park road.

the no-fault law literally and thus had fulfilled the over-all legislative purpose. *Id.* at 345-346. Justice Kaplan, writing for the court, explained the reason why literal application of particular words might produce an unintended result: "In so large a legislative enterprise, there are likely to be casual overstatements and understatements, half-answers, and gaps in the statutory provisions. As practice develops and the difficulties are revealed, the courts are called on to interweave the statute with decisions answering the difficulties and composing, as far as feasible and reasonable, an harmonious structure faithful to the basic designs and purposes of the Legislature." *Id.* at 345.

We know that when the Legislature enacted G. L. c. 258, it intended to preserve those provisions of the General Laws that defined the circumstances under which an action could properly be maintained against a municipality for a defect in a public way. Statute 1978, c. 512, § 18 ("The provisions of this act . . . shall not be construed to supersede or repeal . . . [G. L. c. 84, §§ 15-25]"). One of the sections preserved (§ 17) excludes municipal liability "for an injury or damage sustained upon a public way by reason of snow or ice thereon," if the way is otherwise free of any defect causing the injury or damage. See G. L. c. 84, § 17; *Johnson* v. *Orange*, 320 Mass. 336, 337 (1946); *Newton* v. *Worcester*, 174 Mass. 181, 187 (1899). We know that before adoption of the Massachusetts Tort Claims Act a municipality was free from liability for any injury caused by a defect in a way that was a park road or the like,[3] unless the defect was shown to have been associated with a proprietary function of the municipality.[4]

We are at a loss to perceive how the Legislature could have intended that municipalities should continue to have specially limited liability for injuries caused by defects in public ways

---

[3] See *Dakin* v. *Somerville*, 262 Mass. 514, 515-516 (1928) (a boulevard); *Jones* v. *Boston*, 201 Mass. 267, 268-269 (1909) (Audubon Road in the Back Bay Fens); *Steele* v. *Boston*, 128 Mass. 583, 584 (1880) (Boston Common); *Clark* v. *Waltham*, 128 Mass. 567, 569-570 (1880) (Waltham common).

[4] See *Oliver* v. *Worcester*, 102 Mass. 489, 502 (1869) (excavation in public common in connection with a city-owned building leased as a source of revenue).

(G. L. c. 84, § 15 — $5,000) and should continue to be wholly free from liability for injuries negligently caused solely by snow and ice on public ways (G. L. c. 84, § 17), but that suddenly municipalities should be potentially liable in a far greater amount (G. L. c. 258, § 2 — $100,000) for injuries negligently caused solely by snow and ice on park roads. To achieve what we view as the general purpose of the Tort Claims Act and to construe it "liberally for the accomplishment of the purposes" of the Act (St. 1978, c. 512, § 18), we conclude that we should fashion "an adjunct to [St. 1978, c. 512, § 18, and G. L. c. 84, § 17] called for by the sense of [those] section[s] in relation to the legislation as a whole." See *Mailhot* v. *Travelers Ins. Co., supra* at 348. The result is that a municipality is not liable for injuries caused solely by snow and ice on a park road.

Another way of reasoning to the same conclusion is to note that the Tort Claims Act eliminated governmental immunity in numerous circumstances, but it did not thereby create liability. *Dinsky* v. *Framingham*, 386 Mass. 801, 804 (1982). In deciding whether a public employer will be liable "in the same manner and to the same extent as a private individual under like circumstances" (G. L. c. 258, § 2), we must consider whether liability would be imposed on "a private individual under like circumstances." *Gallant* v. *Worcester*, 383 Mass. 707, 714 (1981). Assuming no statute imposes liability on a private individual in such circumstances, the common law applies. See *Spring* v. *Geriatric Auth. of Holyoke*, 394 Mass. 274, 284-285 (1985). The statutory reference to "a private individual under like circumstances" is not helpful in resolving the common law question now before us because a private individual would not "under the circumstances" have a statutory exemption for certain similar negligent acts.

The Legislature has expressed a policy that no municipality shall be liable for injuries caused solely by snow and ice on a public way. G. L. c. 84, § 17. In formulating a common law rule concerning municipal liability for defects in ways in parks, it is appropriate to recognize (1) there is no logical reason to impose liability because of a defect in a park road but to impose no liability for a similar defect in a public way and (2) the Legislature's statement of policy provides guidance

as to what the common law rule should be. The common law rule should bar recovery for injuries caused in circumstances that are substantially identical. Because § 17 bars recovery for injuries caused by a snow and ice defect in a public way, the common law does the same for such injuries sustained on a park road. Such a common law rule, an adjunct to the statutory pattern, fulfils the over-all legislative purpose.[5]

*Judgment reversed.*

*Judgment for the defendant.*

[5] The Legislature would be well advised to address this general question, even if it concludes that the result we reach is the appropriate one. Without legislative clarification, questions will remain as to the extent to which claims based on defects in park roads will be subject to the statutory conditions and limitations applicable to claims for defects in public ways.