## DOROTHY MIX *vs.* COMMONWEALTH.

Hampden. October 4, 1990. - December 4, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act. Commonwealth,* Liability for tort. *Way,* Public: defect.

On a claim against the Commonwealth under G. L. c. 258, the Massachusetts Tort Claims Act, for injuries the plaintiff allegedly suffered in a fall on a county highway sidewalk constructed by a city on land owned by the Commonwealth, the plaintiff's recovery was, as matter of common law, to be governed by the same restrictions and limitations applicable to a claim brought against the city under G. L. c. 84, § 15, in analogous circumstances. [737-739]

CIVIL ACTION commenced in the Superior Court Department on January 31, 1986.

The case was tried before *John F. Moriarty,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael J. Mascis,* Assistant Attorney General, for the Commonwealth.

*Nancy A. Healy* for the plaintiff.

WILKINS, J. On March 15, 1984, the plaintiff fell and was injured on a public sidewalk on East Mountain Road in Westfield (city). East Mountain Road was laid out as a county road, and the city maintained its traveled vehicular surface. In 1975, the city constructed the sidewalk on which the plaintiff fell, after the Commonwealth had agreed to remove snow from the proposed sidewalk, which was constructed on land owned by the Commonwealth and occupied by the Western Massachusetts Hospital.[1]

---

[1] The Commonwealth does not argue that the acting superintendent of

The plaintiff brought this action against the Commonwealth under G. L. c. 258 (1988 ed.), the Massachusetts Tort Claims Act. She made no claim against the Commonwealth under G. L. c. 81, § 18 (1988 ed.), which provides that the Commonwealth shall be liable for injuries caused by defects in State highways "in the manner and subject to the limitations, conditions and restrictions specified in [G. L. c. 84, §§ 15, 18, and 19], except that the commonwealth shall not be liable for injury sustained . . . upon the sidewalk of a state highway." East Mountain Road was not a State highway. The plaintiff also made no claim against the city or against the Commonwealth as the entity that had assumed whatever statutorily-based liability the city had.[2] The plaintiff also made no claim that the Commonwealth is liable under G. L. c. 84, § 15, as a "person by law obliged to repair" the sidewalk.

The Commonwealth appeals from a judgment in the plaintiff's favor following a jury verdict. We transferred the appeal here on our own motion. We reverse the judgment.

It is clear that, if G. L. c. 84, § 15 (1988 ed.), applies to the plaintiff's claim, she has no right to recover under G. L. c. 258. The Massachusetts Tort Claims Act did not supersede G. L. c. 81, § 18, or G. L. c. 84, §§ 15 - 25. See St. 1978, c. 512, § 18; *Kromhout* v. *Commonwealth*, 398 Mass. 687, 691 (1986); *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981). The judge denied the Commonwealth's motion for a directed verdict and its motion for judgment notwithstanding the verdict. He concluded that, because G. L. c. 81, § 18, and G. L. c. 84, §§ 15, 18, and 19, were inapplicable in the

---

the hospital, who made the agreement to remove snow from the sidewalk, lacked authority to so bind the Commonwealth. Nor does the Commonwealth argue that, in spite of the agreement, the city retained responsibility for whatever liability there might be for injuries sustained due to snow and ice on the sidewalk.

[2] These omissions seem understandable. Assuming no other defect, a city is not liable for an injury "sustained upon a public way by reason of snow or ice thereon." G. L. c. 84, § 17 (1988 ed.).

circumstances, the plaintiff could recover under G. L. c. 258.[3]

If the Commonwealth had never agreed to remove snow from the sidewalk and the city had nevertheless constructed the sidewalk, the plaintiff would only have had a claim against the city under G. L. c. 84, with liability limited to no more than $5,000 (G. L. c. 84, § 15) and with the prospect that she would recover nothing if the only defect causing the injury had been snow and ice (G. L. c. 84, § 17). If the public way had been constructed by the State as part of a State highway, the plaintiff could not have recovered for any defect in the sidewalk (G. L. c. 81, § 18).

Even if the plaintiff's claim is treated as arising under G. L. c. 258, we see no logical reason why restrictions and limitations of the statutes generally governing personal injury claims against public entities, based on defects in public ways, would not apply to this plaintiff's claims. The common law rule we apply is the same rule that the Legislature established concerning liability in comparable circumstances. Simply because the Commonwealth agreed to remove snow from the city's public sidewalk, the plaintiff should not be entitled to recover more than would be recovered by persons substantially similarly situated. "The common law rule [applicable under G. L. c. 258] should bar recovery for injuries caused in circumstances that are substantially identical" to circumstances in which a statute bars recovery. *Intriligator* v. *Boston*, 395 Mass. 489, 494 (1985).

What we hold today follows from the conclusions we expressed in *Intriligator* v. *Boston, supra* at 491-494. There we said that the partial elimination of sovereign immunity by G. L. c. 258, while preserving statutes that limited liability for defects in public ways in certain circumstances, should not create liability to the limit of $100,000 (G. L. c. 258, § 2) for injuries sustained on public ways in circumstances

---

[3]The issue of the plaintiff's right to recover anything because of the application of principles set forth in G. L. c. 81, § 18, and G. L. c. 84, §§ 15, 18, and 19, was properly raised by the Commonwealth's motion for a directed verdict.

analogous to, but not described within, those limiting statutes. *Id.* at 492-493.

The Commonwealth states in its brief that it should be placed on the same footing as the city. It will be within the discretion of the trial judge whether, by amendment of the complaint or otherwise, the plaintiff may now proceed on this theory under G. L. c. 84, § 15.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*