DIANE L. COLELLA & another[1] *vs.* COMMONWEALTH.

Suffolk. February 9, 1994. - April 7, 1994.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Commonwealth*, Liability for tort. *Way*, Public: defect. *Massachusetts Tort Claims Act. Governmental Immunity. Statute*, Construction.

An operator of a motor vehicle who sustained injuries when a piece of a defective roadway fell from a State highway onto the vehicle in which she was traveling on a municipal roadway was entitled to maintain an action for personal injuries under G. L. c. 258, the Massachusetts Tort Claims Act, where G. L. c. 81, § 18, was explicit in limiting only the rights of persons injured "while traveling on state highways." [434-435]

CIVIL ACTION commenced in the Superior Court Department on October 1, 1992.

A motion for summary judgment was heard by *J. Harold Flannery*, J., and the matter was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case.

*Beverly I. Ward*, Assistant Attorney General, for the Commonwealth.

*Daniel J. Reddig* for the plaintiffs.

WILKINS, J. On April 23, 1990, the plaintiff Diane L. Colella was operating a motor vehicle, owned by the plaintiff Raymond A. Colella, on Salem Street, a public way, in Malden. When she passed under Route 1, a State highway, a piece of concrete from the overpass fell through the vehicle's windshield, injuring Diane. The plaintiffs brought this action pursuant to the State Tort Claims Act (G. L. c. 258 [1992 ed.]), seeking recovery for personal injury and property damage.

---

[1]Raymond A. Colella.

The Commonwealth moved unsuccessfully that the action be dismissed or, alternatively, for summary judgment in its favor, claiming that statutes concerned with defects in public ways provide the exclusive remedy for the personal injuries and property damage incurred. At the Commonwealth's request, the judge then purported to report to the Appeals Court the question: "Whether a piece of a defective roadway falling from a state highway, onto a vehicle traveling upon a municipal roadway constitutes a road defect under the provision of G. L. c. 81." We transferred the case to this court on our own motion.

Under Mass. R. Civ. P. 64, 365 Mass. 831 (1974), a judge of the trial court may not report a question of law, but may report the propriety of an interlocutory order. We shall construe the judge's action as a report of the correctness of his ruling that Diane may maintain an action for personal injuries under the State Tort Claims Act. The judge did not report his ruling as to Raymond's claim for property damage. Both parties agree that if Diane has a claim under G. L. c. 81 (1992 ed.) that remedy is exclusive. See *Ram* v. *Charlton,* 409 Mass. 481, 485-486, cert. denied sub nom. *Ram* v. *Massachusetts Dep't of Transp.,* 502 U.S. 822 (1991).

Under G. L. c. 81, § 18 (1992 ed.), "[t]he commonwealth shall be liable for injuries sustained by persons while traveling on state highways" caused by defects in the highway. Because Diane was not traveling on a State highway when she was injured, the Commonwealth concedes that, on a literal interpretation, G. L. c. 81 does not apply to her claim. Nevertheless, the Commonwealth argues that a legislative objective of excluding from the State Tort Claims Act those claims that arise from defects in a public way (see St. 1978, c. 512, § 18), justifies an interpretation of G. L. c. 81, § 18, that will deny Diane the right to proceed under the State Tort Claims Act.

The Commonwealth relies on two opinions of this court that recognized limitations on liability under the State Tort Claims Act in circumstances where the statutes concerned with defects in public ways did not literally do so with respect to the specific claims asserted. See *Mix* v. *Common-*

*wealth,* 408 Mass. 736, 738 (1990); *Intriligator* v. *Boston,* 395 Mass. 489, 493 (1985). In each of these cases, our decision fulfilled the basic legislative purpose of the State Tort Claims Act to continue statutory limitations on liability for defects in public ways. See St. 1978, c. 512, § 18. We were dealing with subjects that seemingly were not within the Legislature's attention in enacting the State Tort Claims Act, and we were attempting to compose "an harmonious structure faithful to the basic designs and purposes of the Legislature." *Intriligator* v. *Boston, supra* at 492, quoting *Mailhot* v. *Travelers Ins. Co.,* 375 Mass. 342, 345 (1978).

In this case, on the other hand, we do not deal with a matter on which the relevant statute is silent or with a matter on which the broad plan of the Legislature calls for this court to achieve some larger legislative purpose despite statutory words of apparent limitation. Here, G. L. c. 81, § 18, is explicit in limiting only the rights of persons injured "while traveling on state highways." This limitation of long standing, intended to survive the adoption of the State Tort Claims Act (see St. 1978, c. 512, § 18), was apparent on the face of G. L. c. 81, § 18. We see no justification for extending the limitation to affect the rights of a person injured by a defect in a State highway but not traveling on a State highway. The conclusion we reach is consistent with our reasoning in *Kromhout* v. *Commonwealth,* 398 Mass. 687, 690-691 (1986), that the reference to "injuries" in G. L. c. 81, § 18, should be construed as written and thus should not extend to a claim for wrongful death.

The judge's order denying the Commonwealth's motion to dismiss the action or, alternatively, for summary judgment is affirmed as to the claim of Diane L. Colella for personal injuries.[2]

*So ordered.*

---

[2]No question is before us concerning the application, if any, of the amendments to G. L. c. 258, § 10 (1992 ed.), made by St. 1993, c. 495, § 57, and purportedly retroactively applicable to pending claims (*id.* at § 144).