Toomey, J.
INTRODUCTION
This matter comes before the court for consideration of defendant’s, Town of North Attleboro’s (“the Town”), Motion for Partial Summary Judgment pursuant to Mass.R.Civ.P. 56. The plaintiff, Caron MacDonaldLefebvre (“Lefebvre”) commenced this action, alleging that the Town negligently failed to mark properly a steel cable spanning a bicycle path on which the plaintiff allegedly sustained injuries. In its motion for summary judgment, the Town requests this court to determine whether, as a matter of law, the plaintiffs claim is governed by G.L.c. 84, §15, rather than by G.L.c. 258.
BACKGROUND
On March 26, 1994, MacDonald-Lefebvre allegedly injured both her arms when she fell off her bicycle while riding on a pathway in the World War II Memorial Park (“the Park”) in North Attleboro, Massachusetts. The plaintiff claims that her injury occurred when she rode her bicycle into a steel cable strung across the pathway. The plaintiff maintains that the defendant was negligent in failing to protect passers-by from the steel cable.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving parly is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts . . .” LaLonde v. Eisnner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
At bar, the controlling issue is whether the plaintiffs action is governed by G.L.c. 258, §2, or by G.L.c. 84, §15. The Town maintains that the plaintiffs right of recovery is governed by the provisions of G.L.c. 84, §15, which limits a municipality’s liability for injuries caused by a defect in a public way to $5,000.[1] Levebvre, however, contends that this action is governed by G.L.c. 258, §2, the Massachusetts Tort Claims Act, which limits the municipality’s liability to $100,000.00.[2]
Massachusetts courts have consistently held that G.L.c. 84, §15 provides the exclusive remedy against a municipality for injuries resulting from a defect in a public way. Triolo v. Town of Sudbury, 15 Mass.App.Ct. 394, 396 (1983); Ram v. Charlton, 409 Mass. 481, 485 (1991); see also St. 1978, c. 512, §18. A “defect” or “want of repair” in a public way is anything concerning the state or condition thereof which renders it unsafe or inconvenient for ordinary travel. Whittaker v. Town of Brookline, 318 Mass. 19, 25 (1945); Gallant v. City of Worcester, 383 Mass. 707, 711 (1981). That definition has been interpreted to include objects strung across a public way. Huff v. City of Holyoke, 386 Mass. 582, 585 (1982).
*443 The parties disagree, however, as to whether a parkway constitutes a “public way” within the meaning of Chapter 84. Lefebvre argues that, under Dakin v. City of Somerville, 262 Mass. 514, 515 (1928), a parkway is not a public way and that, therefore, the relatively stingy provisions of Chapter 84 do not apply to the present action. The Town, citing Intriligator v. Boston, 395 Mass. 489, 492-93 (1985), retorts that park roads do constitute public ways, and, as a result, Chapter 84’s $5,000 ceiling does indeed apply to the case at bar. The Town has the better of the dispute.
In Intriligator, the plaintiff slipped on the ice-covered sidewalk of Commonwealth Avenue near Kenmore Square in Boston. Intriligator, supra, 395 Mass. at 489. The defendant City of Boston argued that the action was governed by G.L.c. 84, §17 which relieved the municipaliiy of liability for any injuiy sustained upon the public way by reason of snow or ice thereon. Id. The Intriligator plaintiff responded that, under Dakin v. Somerville, a park road did not constitute a public way. Id. at 489-90. Accordingly, the plaintiff contended, Chapter 84, §17 was inapplicable and the action was therefore governed by Chapter 258. Id. The Court, however, favored the City of Boston’s position, holding that G.L.c. 84, §17 was indeed applicable, and that the municipality was therefore free from any liability arising from injuries caused by snow and ice on the park road. Id. At 493.
The reasoning employed by the Intriligator Court has particular pertinence to the case at bar. In Intriligator, the Supreme Judicial Court observed that:
We are at a loss to perceive how the Legislature could have intended that municipalities would continue to have specially limited liability for injuries caused by defects in public ways (G.L.c. 84, §15— $5,000) and should continue to be wholly free from liability for injuries negligently caused solely by snow and ice on public ways (G.L.c. 84, §17), but that suddenly municipalities should be potentially liable in a far greater amount (G.L.c. 258, §2— $100,000) for injuries negligently caused solely by snow and ice on park roads. To achieve what we view as the general purpose of the Tort Claims Act and to construe it “liberally for the accomplishment of the purposes” of the Act ... , we conclude that ... a municipality is not liable for injuries caused solely by snow and ice on a park road.
Intrilligator, supra, 395 Mass. at 492-93. Thus, under Intrilligator, a park road is a public way within the meaning of G.L.c. 84, §17. The question then becomes whether the view Intriligator took of §17 is applicable to the §15 matter at bar.
It would be inconsistent to hold that a parkway constitutes a public way under G.L.c. 84, §17 (by virtue of Intriligator], but not under G.L.c. 84, §15. Furthermore, to follow the Dakin holding in the present case would render the statutory scheme of Chapter 84 unnecessarily discordant. Specifically, under Dakin, a park road is not considered a public way and, consequently, injuries occurring thereon are governed by the Massachusetts Tort Claims Act. Under that Act, a municipality is potentially liable for any amount up to $100,000. G.L.c. 258, §2. Legislative illogic would prevail were the statutes to be construed to insulate a municipality from liability for injuries caused by a snow-covered park road or public way under G.L.c. 84, §17, and to limit a municipality’s liability to $5,000 for injuries caused by defects in public ways under G.L.c. 84, §15, while, at the same time, imposing potential liability of $100,000 under G.L.c. 258, §2 for injuries caused by defects in a park road. Thus, in order to read the Massachusetts Tort Claims Act and the Intriligator case in harmony with G.L.c. 84, §15, this court is compelled to conclude that a parkway is a public way for the purposes of G.L.c. 84, § 15. To hold otherwise would be to foresake the reasoning of Intriligator.
Furthermore, it is doubtful that Dakin v. Somerville bears much precedential effect for the case at bar because the Supreme Judicial Court decided Dakinin 1928 well before the legislature enacted the Massachusetts Tort Claims Act. Consequently, once the Dakin Court found that G.L.c. 84, §15 was inapplicable, the Town was immune from liability. Had the court decided Dakin after the Massachusetts Tort Claims Act was enacted, however, the court’s holding would have necessarily exposed the municipality to a potential liability of $100,000. The conclusion reached at bar is far more in keeping with the Court’s 1985 rationale in Intriligator and the policies of the Massachusetts Tort Claims Act.[3]
This court is persuaded, therefore, that the plaintiff has alleged an injuiy on a public way and, consequently, the Town’s liability, if any, will be determined pursuant to G.L.c. 84, §15 and will be limited to $5,000.
ORDER
For the foregoing reasons, this court hereby ORDERS that the defendant’s Motion for Partial Summary Judgment be ALLOWED.

 Section 15 of Chapter 84 reads, in pertinent part, as follows:
If a person sustains bodily injuiy or damage in [her] property by reason of a defect or want of repair ... in or upon a way, and such injury or damage might have been prevented, or such defect . . . might have been remedied by reasonable care and diligence on the part of the . . . town . . . obliged to repair the way, [she] may, if such . . . town . . . had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect . . . recover damages therefor from such . .. town .. .; but [she] may not recover from a . . . town . . . more than . . . five thousand dollars; . . .

 Section 2 of Chapter 258 provides, in pertinent part, as follows:
Public employers shall be liable . . . except that public employers shall not be liable ... for any amount in excess of one hundred thousand dollars . . .

 We note also that the plaintiff has, in fact, admitted in her Answers to Interrogatories that she injured herself on a public way. Specifically, in her answer to interrogatory number seventeen, the plaintiff concedes that, “[t]he act on the part of the defendant . . . that caused the incident . . . con *444 sisted of putting up a steel cable . . . across a public access way.”