Tuttman, Kathe M., J.
Plaintiff Vincent Zanfanga sustained injuries when he slipped and fell on a ridged embankment of ice and snow left by a snowplow operated by agents, servants or employees of defendant John D. Hartnett & Sons, Inc. (“Hartnett”) in a parking lot owned by defendant SBK Associates LLC (“SBK”). This matter came before the Court for hearing on the defendants’ Motions for Summary Judgment.[1] Because I find that genuine questions of material fact exist regarding whether the defendants were negligent, as more fully discussed below, the motions are DENIED.
BACKGROUND
The following facts are either undisputed, or, if disputed, are construed in the light most favorable to the plaintiff as the non-moving party. On February 1, 2002, the plaintiff parked his car in a lot owned by SBK outside of his place of employment, a Brooks Pharmacy located in Newburyport, Massachusetts at 8:30 a.m. He did not move the car during the day. Shortly after 9 p.m., the plaintiff left his workplace after completing a twelve-hour shift and made his way to his car. The pharmacy had closed, but another employee was still in the store. Snow and freezing rain had fallen during most of that day, leaving a total accumulation of two to three inches of heavy snow with an icy crust. The surface of the parking lot was treacherous and ice-covered, so the plaintiff proceeded very slowly. The plaintiff observed that the parking lot area appeared to have been untouched for a significant period of time. He noticed that a snowplow had come through the area previously and had left a solid, ridged embankment of snow and ice, at least one foot high and ten inches wide, three or four inches away from his car and extending across the entire driver’s side of the car. The top of the embankment was slippery looking, solid ice. He was able to enter his car with difficulty by holding onto the steering wheel and the door and climbing over the embankment. He started his car and began to get out, intending to scrape off the car so that he could drive it, but he slipped on the icy embankment and fell and broke his wrist. Hartnett, pursuant to its contract with SBK, provided snow removal services in the parking lot on the date of the plaintiffs accident.
DISCUSSION
I. Summary Judgment Standard
Summary judgment is to be granted when there are no genuine issues as to any material fact and when the moving party is entitled to summary judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The non-moving party then bears the burden of alleging specific facts that establish the existence of a genuine issue of material fact in order to defeat the summary judgment motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pederson, 404 Mass. at 17.
II. Analysis
A landowner owes a duty of reasonable care to persons lawfully on his premises. This duty requires the landowner to take “reasonable precautions for the safety of visitors, including measures against the hazards caused by ice and snow.” Reardon v. Parisi, 63 Mass.App.Ct. 39 (2005), quoting Intriligator v. Boston, *396 18 Mass.App.Ct. 703, 705 (1984). However, the duly “is not violated by a failure to remove a natural accumulation of snow or ice.” Reardon, 63 Mass.App.Ct. at 39, quoting Sullivan v. Brookline, 416 Mass. 825, 827 (1994). “Liability is possible only ‘in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.’ ” Sullivan, 416 Mass. at 827, quoting Aylward v. McCloskey, 412 Mass. 77, 80 n.3 (1992). The present case thus turns on a determination as to whether the icy embankment in question was simply a natural accumulation of ice and snow, or whether some act or failure to act by the landowner or his plowing contractor created an actionable hazard.
The facts here are distinguishable from those of Lopes v. SSB Realty Corp., 64 Mass.App.Ct. 1110 (2005) (unpublished memorandum and order pursuant to Rule 1:28), relied upon by the defendant. In Lopes, the plaintiff was on his way to work in an office complex. As he was exiting a shuttle vehicle in front of the building, he unwittingly stepped upon a pile of snow that had been left by a plow clearing the driveway and fell, injuring himself. The Appeals Court held that the landowner could not be held liable for the plaintiff s injuries, because “(p)lowing a roadway and leaving a ridge formed by the plowing does not transform the plowed snow into an unnatural accumulation.” Id. In the present case, by contrast, a reasonable inference could be drawn that the ridge or embankment, while originally formed by plowing, had been altered by the falling of sleet or freezing rain over a period of time, creating the slick, icy surface that caused the plaintiffs fall. Because at the time the plaintiff came out into the parking lot it appeared that the area had been plowed earlier but had been untouched for some time, and because snow and freezing rain had been falling during most of the day, a jury could properly infer that the defendants “had had sufficient time to become aware of the hazardous condition and to take reasonable precautions for the safety of travelers” by sanding, salting or plowing again. Intriligator, 18 Mass.App.Ct. at 705. Additionally, a jury could properly infer that leaving a large embankment of snow positioned in close proximity to the driver’s side of the plaintiffs car created a danger for the plaintiff who had no alternative but to traverse the embankment to get into his car.
Summary judgment is not appropriate here, where genuine questions of material fact exist as to whether “the defendant(s), in the exercise of reasonable care, knew or should have known of the hazardous condition of [the embankment] and should have taken reasonable precautions for the safety of . . . visitors." Phipps v. Aptucxet Post #5988 V.F.W. Building Association, Inc., 7 Mass.App.Ct. 928, 929 (1979).
ORDER
For the foregoing reasons, the defendants’ Motions for Summary Judgment are DENIED.

This is a revised version of a Memorandum and Order issued on March 26, 2007, addressing only the motion of defendant Hartnett. Both defendants filed Motions for Summary Judgment and participated in a hearing before this Court on March 14, 2007.